Nevin MAWHINNEY, Appellant,

v.

Robert J. HENDERSON, Superintendent, Peter Preiser, Commissioner of Corrections, and Norris, Lieutenant, Appellees.

No. 1238, Docket 76–2028.

United States Court of Appeals, Second Circuit.

Argued July 22, 1976.

Decided Aug. 30, 1976.

Ellen J. Winner, The Legal Aid Society, New York City (William E. Hellerstein, New York City, of counsel), for plaintiff-appellant.

David L. Birch, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for defendants-appellees.

Before WATERMAN and MESKILL, Circuit Judges, and BARTELS, District Judge.*

* Of the Eastern District of New York, sitting by designation.

**2**

MESKILL, Circuit Judge:

■ State prisoner Nevin Mawhinney appeals from a summary dismissal prior to service of summons and answer[1] by the United States District Court for the Northern District of New York, Foley, J., of his *pro se* civil rights complaint, 42 U.S.C. §§ 1981–1983, which alleged that he was denied access to religious services while in punitive segregation, that he was subjected to prison discipline without due process, and that he was punished for exercising his right of access to the courts. The only question on appeal is whether these allegations sufficiently present a ground for relief. Given the policy favoring a liberal interpretation of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and the settled rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no facts supporting his claim that would entitle him to relief, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we hold that the dismissal was premature and remand for further factual development and consideration of each of appellant's claims.

Appellant's complaint alleges that, at Auburn Correctional Facility ("Auburn"), the defendants arbitrarily deny all prisoners in keeplock or punitive segregation the right to attend religious services or programs without consideration of the offenses which had required that special institutional treatment. In accordance with this policy, on two occasions, November 24, 1974, and December 1, 1974, Mawhinney was not permitted to attend church. He next claims that on November 22, 1974, he was placed in solitary confinement as a form of reprisal for filing an action in the state court challenging prison practices.[2] Finally, he argues that he was denied his due process rights in prison disciplinary hearings. Apparently, when a prisoner is placed in solitary confinement, he is interviewed for evaluation on a weekly basis. At his interview, Mawhinney was merely informed that he would remain in solitary for another week. When he then sought notification of the charges against him in writing and the right to call witnesses, he allegedly was told to "get the hell out of here." Appellant sought monetary damages and a permanent injunction banning these practices at Auburn. The district court, in a brief memorandum, ruled that the denial of the right to worship when confined to segregation did not constitute a denial of constitutional rights and that the due process claim lacked sufficient detail to state a cause of action. No mention was made of appellant's claim of retaliatory punishment for exercising his right of access to the courts.

■ In order for a federal court to exercise its judicial power, an actual case or controversy must exist at each stage of review and not only at the time the complaint is filed. *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). In view of the fact that appellant is no longer incarcerated at Auburn,[3] his request for an injunction restraining the officials at Auburn from violating his civil rights is moot. However, Mawhinney's claim for money damages stemming from these same allegedly unconstitutional actions survives, *Jones-Bey v. Caso*, 535 F.2d 1360 (2 Cir. 1976). Consequently, we pro-

---

1. We reiterate our suggestion made first in *Frankos v. LaVallee*, 535 F.2d 1346, 1347 n. 1 (2 Cir. 1976) and again in *Burgin v. Henderson*, 536 F.2d 501, 502 n. 1 (2 Cir. 1976) that *pro se* complaints should not be dismissed prior to service of summons and answer. As in those cases, a more complete record here could have obviated this "time-consuming shuttle between the court of appeals and the district court . . . ." *Burgin v. Henderson, supra*, at 502 n. 1.

2. In his Article 78 (New York Civil Practice Law & Rules, Art. 78) application, filed on November 13, 1974, Mawhinney alleged that, in violation of the Constitution, prison officials forced inmates to stand out in foul weather for an hour in order to eat and denied keeplocked inmates their right to religious worship. The New York Supreme Court, Cayuga County, on November 27, 1974, denied the application as lacking merit.

3. Mawhinney is now an inmate at Green Haven Correctional Facility.

ceed now to consider whether or not he has stated claims for which relief can be granted.

Four years ago, this court held that restrictions on religious freedom are permissible only "if the state regulation has an important objective and the restraint on religious liberty is reasonably adapted to achieving that objective." *LaReau v. Mac-Dougall*, 473 F.2d 974, 979 (2 Cir. 1972), *cert. denied*, 414 U.S. 878, 94 S.Ct. 49, 38 L.Ed.2d 123 (1973). *See also Burgin v. Henderson*, 536 F.2d 501 (2 Cir. 1976). In *LaReau*, we further noted that not every prisoner in segregation can be excluded from chapel services; because not all segregated prisoners are potential troublemakers, the prison authorities must make some discrimination among them. *LaReau v. MacDougall, supra*, 473 F.2d at 979 n. 9. Mawhinney alleges that inmates in punitive segregation and keeplock at Auburn are routinely denied participation in chapel services without any determination as to the necessity of their exclusion, and that, in accordance with this policy, he was so excluded on two occasions. These allegations suffice to state a claim. As in *LaReau* and *Burgin*, an evidentiary hearing will establish what policies concerning religious practices exist at Auburn and whether officials had a reasonable basis for limiting appellant's participation at group services.

■ Both sides to this dispute agree that a prisoner has a due process right of access to the courts, *Ex Parte Hull*, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941), and that no punishment may be imposed for the reasonable exercise of this right, *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). *See also Sostre v. McGinnis*, 442 F.2d 178, 189 (2 Cir. 1971) (*en banc*), *cert. denied*, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740, and 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972) (confine-

ment to segregation for past or threatened litigation against prison officials constituted due process violation). The defendants erroneously contend that Mawhinney did not present this issue to the district court. Appellant's complaint, which clearly alleges that he was moved from keeplock status in his own cell and "sent to solitary confinement as a form of harrassing [sic] . . . [him] for . . . filing" an Article 78 application in the state court challenging prison procedures, sufficiently states a claim for relief.

■ Finally, we conclude that, although the facts are not altogether clear, Mawhinney's allegation that he was subjected to prison discipline without due process adequately states a claim for relief. In his complaint, appellant contends that after he was informed at an evaluation interview that he would remain in solitary confinement for another week, his request for notification of the charges against him and the right to call witnesses was summarily denied, in violation of the Supreme Court's mandate in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Arguing that "in fact" New York does not employ solitary confinement as a form of punishment, the state contends that the due process rights outlined in *Wolff*, applicable to the serious disciplinary penalties of loss of good time and solitary confinement, are not required.[4]

*Wolff v. McDonnell, supra*, clearly applies to disciplinary proceedings which involve penalties constituting major changes in the conditions or term of confinement; these major changes, such as loss of good time and disciplinary confinement, usually are imposed only for serious misconduct. 418 U.S. at 571–572 n. 19, 94 S.Ct. 2963. *See also Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). In both decisions, however, the Supreme Court

4. The state also made a second argument, the merits of which we need not reach, in view of our holding that appellant has stated a claim for relief under *Wolff*. Interpreting this Court's decisions in *Crooks v. Warne*, 516 F.2d 837 (2 Cir. 1975) and *U.S. ex rel. Larkins v. Oswald*, 510 F.2d 583 (2 Cir. 1975) as extending

*Wolff* to disciplinary situations involving lesser penalties, the state argued that the instant case would not be subject to these new procedural requirements because the events involved herein occurred prior to the decisions in *Crooks* and *Warne*.

explicitly left open the question of whether these procedures also are required before imposition of lesser penalties, like, for example, the loss of privileges. *Wolff v. McDonnell, supra,* 418 U.S. at 572 n. 19, 94 S.Ct. 2963; *Baxter v. Palmigiano, supra,* 425 U.S. at 323, 96 S.Ct. 1551. Because appellant claims that he was kept in "solitary" confinement, an allegation we must accept as true at this stage of review, *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), he has set forth facts which, if proven, would entitle him to relief. Whether he was in "disciplinary confinement," as that term is used in *Wolff,* is a question best answered by the district court after a fuller development of the record.

Reversed and remanded for completion of service of process, answer by the defendants, and an evidentiary hearing.