**Malcolm L. BOTWAY**

v.

**Norman CARLSON et al.**

**Civ. A. No. 78–0985–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 30, 1979.

Malcolm L. Botway, pro se.

Raymond A. Carpenter, Asst. U. S. Atty., Richmond, Va., for Norman Carlson et al.

## MEMORANDUM AND ORDER

WARRINER, District Judge.

Malcolm L. Botway, while incarcerated in the Federal Institutional Camp in Petersburg, Virginia, proceeding *pro se*, brought this action *in forma pauperis* under 28 U.S.C. §§ 1331 and 1361. He claimed that prison conditions were so substandard as to constitute a violation of his Eighth Amendment rights and prayed for injunctive and declaratory relief. Defendants filed a motion to dismiss which was subsequently denied. Thereafter, the plaintiff was released from prison and to prevent his cause of action from becoming moot, amended his complaint to seek monetary damages. Defendant prisoner officials thereupon answered his complaint and renewed their motion to dismiss. Since plaintiff has now filed his reply, defendants' motion is ripe for consideration.

■ The first issue before this Court is whether the plaintiff may seek relief by invocation of 28 U.S.C. § 1331. A recent Supreme Court decision, faced with this same issue, set the criteria for its determination. In *Davis v. Passman,* —— U.S. ——, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) the Court held the petitioner must rest his claim directly on a constitutional right, allege that such right had been violated and that petition to· the judiciary is the only means whereby he can vindicate this right. *Id.* at ——, 99 S.Ct. at 2276.

In construing plaintiff's complaint these requirements have been amply satisfied. Plaintiff here rests his claim directly on his Eighth Amendment right to be free from cruel and unusual punishment. He asserts defendants have denied him this right, and it is clear that his only means of redress is through petition to this Court. Plaintiff may therefore proceed to litigate his claim against these defendants under the general federal jurisdiction of this Court. *Accord Patmore v. Carlson,* 392 F.Supp. 737 (E.D. Ill.1975).

■ In support of their motion to dismiss the defendants claim that even assuming plaintiff's allegations are true, such facts do not rise to a constitutional violation. However, this Court finds otherwise. Plaintiff clearly alleged prison conditions were substandard and subhuman. He further described the facilities as a safety hazard and so unsanitary as to breed disease. Such conditions, if true, are sufficient to constitute an Eighth Amendment claim. *See e. g., Gates v. Collier,* 501 F.2d 1291 (5th Cir. 1974). Defendants' motion to dismiss on this basis is therefore denied.

■ Even assuming an injury can be shown, however, the case must be dismissed unless this Court is empowered to provide plaintiff a remedy. *Davis v. Passman,* —— U.S. ——, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). Since he has been released from prison, neither declaratory nor injunctive relief would redress plaintiff for the injuries he has allegedly sustained. *See Inmates v. Owens,* 561 F.2d 560 (4th Cir. 1977). Therefore he can maintain this action only if defendants can be liable to him for monetary damages. *Mawhinney v. Henderson,* 542 F.2d 1 (2d Cir. 1976).

■ In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held a plaintiff may recover a damage award in an action against federal officials who have acted in violation of a plaintiff's Fourth Amendment rights. Just recently, this same Court extended its holding to Fifth Amendment claims. *Davis v. Passman,* —— U.S. ——, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). In reversing the lower court's decision the Supreme Court stated "in appropriate circumstances a federal district court may provide relief in damages for the viola-

tion of constitutional rights if there are 'no special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* at ——, 99 S.Ct. at 2276, *citing Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 396, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Court found it was appropriate to award money damages in an action taken directly under the Fifth Amendment since (1) such relief was judicially manageable; (2) no other form of relief was available to the petitioner; (3) the policy that governmental officials be required to conform to the law should be promoted; and (4) there existed no explicit congressional declaration that private persons injured by a Fifth Amendment violation may not recover money damages from those responsible for their injuries. The Court also noted it would be unreasonable to provide such a remedy as against state officials for violating these rights in an action under § 1983 while denying such a remedy as against federal officers who are found to have had engaged in the identical unconstitutional conduct.

In applying these considerations to an action taken directly under the Eighth Amendment this Court finds a damage remedy appropriate. Firstly, redress in the form of monetary relief is judicially manageable. Our courts have had ample experience in evaluating such claims in actions under the Eighth Amendment against state officers pursuant to 42 U.S.C. § 1983. Moreover the plaintiff has been released from the prison where he alleges his Eighth Amendment rights had been violated. Therefore neither injunctive nor declaratory relief would provide plaintiff redress therefrom. For plaintiff, therefore, it is "damages or nothing." *Bivens supra* at 410, 91 S.Ct. 1999 (Harlan, J., concurring in the judgment). Furthermore, it is well settled that governmental officials should not be allowed to "set [the] law at defiance with impunity." *United States v. Lee,* 106 U.S. 196, 220, 1 S.Ct. 240, 261, 27 L.Ed. 171 (1882). The policy of protecting such officers where they act in good faith in carrying out their duties is adequately preserved by the qualified immunity defense available

to them. There is also no "explicit congressional declaration" that private persons may not recover money damages against governmental officials responsible for a deprivation of their constitutional rights. That such a remedy has already been made available as against state officials engaging in identical conduct lends further support for our decision.

Accordingly the Court holds that a plaintiff who bases his claim directly under the Eighth Amendment against federal officers may be redressed by a damages remedy.

■■■ Defendants claim, however, that they are entitled to qualified immunity from damages as enunciated by *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). Although *Procunier* had been brought under 42 U.S.C. § 1983, the immunity test announced is applicable to *Bivens* cases. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). In applying *Procunier* immunity test defendants can be held liable for damages where "the constitutional right allegedly infringed by them was clearly established at the time of their challenged conduct if they knew or should have known of that right, and if they knew or should have known that their conduct violated the constitutional norm." *Procunier v. Navarette,* 434 U.S. 555, 562, 98 S.Ct. 855, 860, 55 L.Ed.2d 24 (1978).

At the time this suit was filed it was "clearly established" by numerous court decisions that substandard living conditions in a prison constitute an Eighth Amendment violation. *See e. g. McCray v. Burrell,* 516 F.2d 357 (4th Cir. 1975) *cert. dismissed,* 423 U.S. 923, 96 S.Ct. 264, 46 L.Ed.2d 249 (1976); *Sweet v. S. C. Dept. of Corrections,* 529 F.2d 854 (4th Cir. 1975); *Gates v. Collier,* 501 F.2d 1291 (5th Cir. 1974). Defendants most definitely should have known of the plaintiff's rights with regards to prison conditions at the time the allegedly unconstitutional conditions existed. The last requirement, that defendants "knew or should have known that their conduct violated the constitutional norm" cannot be

determined until it is established by an evidentiary hearing that the conditions of the prison were in fact so substandard as to constitute an Eighth Amendment violation. If this is proven, defendants will then have the burden to show that they had a good faith belief in the legality of the jail conditions. *McCray v. Burrell,* 516 F.2d 357 (4th Cir. 1975) *cert. dismissed,* 423 U.S. 923, 96 S.Ct. 264, 46 L.Ed.2d 249 (1976). Therefore a motion to dismiss based on the defense of qualified immunity cannot be ruled upon at this time.

Accordingly, the case shall be set down for an evidentiary hearing before the United States Magistrate for this District, Richmond Division, within 60 days as of the date of this order, 28 U.S.C. § 636(b)(1), (3).

Let the Clerk send a copy of this order to the plaintiff, to counsel for the defendants, and to the United States Magistrate for this District, Richmond Division.