**William CRIST, Jr., individually and on behalf of Crist Trucking Co., 40 Elm Avenue, Larchmont, New York 10538, William Crist, III, 44 Elm Avenue, Larchmont, New York 10538, John Crist, 44 Elm Avenue, Larchmont, New York 10538, John Carbone, 33 Davenport Avenue, New Rochelle, New York, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Office of Administrative Law Judges, and Chief Hearing Examiner Nahum Litt, Defendants.**

No. 83 Civ. 4444 (MP).

United States District Court,
S.D. New York.

Feb. 8, 1984.

William Crist, Jr., William Crist, III, John Crist and John Carbone, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Jorge Guttlein, New York City, for defendants.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

The defendants herein, the United States Department of Labor and a chief hearing officer for the Department, have moved, pursuant to provisions of Fed.R.Civ.P. 12(b), that this action be dismissed as moot and otherwise outside the jurisdiction of the Court. For the reasons which follow, defendants' motion is granted and this action is dismissed.

### Underlying Controversy

Plaintiffs in this action, individuals associated with Crist Trucking Co., brought this *pro se* action on June 13, 1983, seeking an order of mandamus, pursuant to 28 U.S.C. § 1361, to compel the United States Department of Labor, or an officer thereof, to render a decision reviewing the correctness of a May 10, 1982 decision by an Administrative Law Judge which found plaintiffs liable to the Department for the sum of $176,000 because they had violated the McNamara O'Hara Service Contract Act, 41 U.S.C. § 351 *et seq.*, and regulations promulgated thereunder.

Plaintiffs asserted that the failure of the Department to render such decision prior to their institution of this action was in violation of administrative regulations and plaintiffs' constitutional rights.

In addition to seeking relief under the mandamus statute, plaintiffs also alleged that the failure of the Department to render an earlier decision reviewing the determination of the ALJ caused Crist Trucking Co. to go out of business and thereby damaged plaintiffs in an amount of $500,000.

After the institution of this action, on November 23, 1983, the Administrator of the Wage and Hour Division of the United States Department of Labor rendered a decision upholding the ALJ's decision in all respects.

### Request for Mandamus Relief

Because the decision which plaintiffs had sought to compel by means of this action has now been rendered by the Department of Labor, plaintiffs' request for mandamus relief is moot and is therefore denied. It is well established that a prerequisite to a federal court's exercise of judicial power is the existence of an actual controversy at all stages of the litigation, and not merely at the time the complaint is filed. *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974). *See also Mawhinney v. Henderson,* 542 F.2d 1, 2 (2d Cir.1976) (denying as moot plaintiff's request for injunction against prison officials when plaintiff had been transferred to another prison facility).

### Request for Recovery of Damages

Plaintiff's complaint, in addition to seeking an order of mandamus, appears to seek monetary relief for alleged injuries to their business caused by the timing of the Department's decision making process.

While such a claim for retroactive relief is not defeated as a result of mootness, the jurisdictional bar of sovereign immunity defeats all claims for damages advanced herein.

Although plaintiffs name the United States Department of Labor and an individual Chief Hearing Officer as defendants, it is plain that plaintiffs' claim for damages is, in the final analysis, a suit for relief against only the United States. *See Leonhard v. United States,* 633 F.2d 599, 618 n. 27 (2d Cir.1980), *cert. denied* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981) (sovereign immunity defense of United States extended to protect federal agencies from liability for constitutional torts); *Kessler v. General Services Administration,* 341 F.2d 275 (2d Cir.1964).

That this action is one solely for damages against the United States is made particularly evident by the fact that the individual defendant named in the caption of this action has never been brought into this action by effective service and therefore cannot be held individually liable in this action.[1]

Sovereign immunity operates as a jurisdictional bar to this action unless it can be established that Congress has consented to exposing the United States to damage actions such as the instant one. *Leonhard, supra,* 633 F.2d at 618 n. 27. The Court agrees with the government's contention that if any Congressional consent to an action such as this exists—and it is not at all clear that it does—it must be found in the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

Because it does not appear, either from the complaint or from other facts presented to the Court, that plaintiffs have made a formal claim for money damages to the appropriate federal agency and awaited a formal reply thereto prior to commencing this action, as is explicitly required under the Federal Tort Claims Act,[2] they cannot now rely on that statute to avoid the bar of sovereign immunity. *See United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit).

Accordingly, the component of plaintiff's action which seeks damages is dismissed for lack of jurisdiction.[3]

*Conclusion*

Plaintiffs' request for mandamus relief is dismissed as moot. Plaintiffs' claim for damages is dismissed on the ground of sovereign immunity. Plaintiffs' action is therefore dismissed in its entirety.

SO ORDERED.

1. In any event, to the extent that plaintiffs' complaint can be read as stating a claim against the individual hearing officer named as a defendant, it is clear that such a claim would be barred by the doctrine of judicial immunity, since that act complained of, namely delay in processing the administrative determination of plaintiffs' case, is manifestly within the judicial function of an administrative law judge. *Butz v. Economou,* 438 U.S. 478, 514, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978).

2. The Federal Tort Claims Act, 28 U.S.C. § 2675(a), states in pertinent part:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment, unless the claimant shall have first presented the claim to the appropri-ate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

3. Although the Court therefore does not reach the merits of this controversy, it notes that plaintiffs' ability to establish that they suffered any harm as a result of a *delay* in the Department's issuance of a final decision with respect to plaintiffs' liability is very much in doubt given the fact that the ultimate decision of the Department was to leave standing in all respects the ALJ's decision which apparently wrought the downfall of plaintiffs' trucking concern. It would thus appear that plaintiffs' only viable avenue for relief, if any now exists, would be to avail themselves of whatever administrative or judicial channels which may exist for substantively challenging the *correctness* of the November 23, 1983 decision.