805 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edwin H. VELLA, Plaintiff-Appellant,
v.
STATE OF VIRGINIA: Commonwealth's Attorney's Office;
Michael Estes; Assistant Commonwealth's Attorney of Henrico
County; Frances Kinneburg, Social Worker Investigator,
Henrico County; Tucker High School, Board of Education
Henrico County; Henrico County Boys Home, Henrico County,
Defendants-Appellees.
 No. 86-2097.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1986.
Decided Nov. 20, 1986.
 
 Edwin H. Vella, appellant pro se.
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (C/A No. 86-0371-R)
 E.D.Va.
 AFFIRMED IN PART AND REMANDED IN PART.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edwin H. Vella appeals from the district court's order denying his petition for a writ of habeas corpus and dismissing his complaint.* Vella challenged the conditions of his confinement while he was a pre-trial detainee at the Henrico County Jail. Specifically, he complained about the overcrowding and the sufficiency of the diet, and sought $50,000,000.00 in damages. Vella also requested the district court to enjoin his pending criminal trial in Henrico Circuit Court. The district court dismissed Vella's request for injunctive relief without addressing the claims concerning the conditions at the jail.
 
 
 2
 Although we agree with the district court's denial of injunctive relief, we remand for further proceedings. We note initially that Vella in his complaint requested damages and that such a request survives his release from jail. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir.1976); United States ex rel. Jones v. Rundle, 453 F.2d 147, 150 (3d Cir.1971).
 
 
 3
 Moreover, we believe that Vella should have the opportunity to particularize his allegations that:
 
 
 4
 (1) On April 15, 1986, they put me in Henrico County Jail and I slept on the floor for 5-days before I got a cell. County officials assign me # 1 cell, cell block 28. Another man has the cell so you can fight and take it or wait your turn like the man had to do before me, avenually I got cell number # 9 when it opened up; and
 
 
 5
 (2) I lost 32 pounds in 23 day going to bed hungry every night and whoever make the diet up should eat it themselves. When a person is treated subhuman it only brings trouble like Attica and both prisoner and officials get hurt, so it is best to try and correct the problem for everyones benefit.
 
 
 6
 Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965).
 
 
 7
 In Bell v. Wolfish, 441 U.S. 520 (1979), the United States Supreme Court established that pre-trial detainees have a right, protected by due process, to be free from conditions of confinement that constitute "punishment." Bell made clear that a district court must, when presented with pre-trial detainee claims such as these, determine whether the conditions in question constitute "punishment" or are permissible regulatory restraints that are necessary incidents of pre-trial detention. Id. at 537-38. Because the district court never addressed Vella's allegations, it did not engage in that analysis as Bell requires. Nor can we say on the current state of the record that it is beyond doubt that Vella can prove no set of facts entitling him to relief. Cruz v. Beto, 405 U.S. 319, 322 (1972).
 
 
 8
 Accordingly, we remand the case to the district court to determine if Vella's allegations concerning the conditions at the jail are factually based and, if so, whether those conditions entitle Vella to relief under the analysis of Bell v. Wolfish, supra. We affirm the denial of Vella's request for federal intervention. We deny Vella's "Motion for Federal Intervention." Oral argument is dispensed with because the dispositive issues recently have been decided authoritatively.
 
 
 9
 AFFIRMED IN PART AND REMANDED IN PART.
 
 
 
 *
 To the extent that Vella seeks damages relating to the validity of his confinement, he remains subject to the exhaustion requirement that applies to any challenge to a state conviction. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982)