935 F.2d 1287
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard A. SMITH, Plaintiff-Appellant,
v.
W.A. BOST, Captain, Patrick Chisolm, Officer, Lexington
County Council, Defendants-Appellees.
 No. 91-6540.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1991.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-89-559-3)
 Leonard Archie Smith, appellant pro se.
 Mary Gordon Baker, Nexsen, Pruet, Jacobs & Pollard, Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Leonard A. Smith appeals the district court's order dismissing his 42 U.S.C. Sec. 1983 action. He sought damages for alleged unconstitutional conditions of confinement while he was a pre-trial detainee at the Lexington County (S.C.) jail. A United States magistrate judge recommended to the district judge that defendants' motions for summary judgment be granted and the district judge adopted the magistrate judge's recommendation and dismissed the action. We affirm in part, vacate in part, and remand.
 
 
 2
 Smith raised approximately 20 claims in his complaint and amended complaint. We find that the district court properly granted summary judgment on all claims except the four identified below. As to the dismissal of the majority of the claims, we affirm on the reasoning of the district court. Smith v. Bost, CA-89-559-3 (D.S.C. Mar. 11, 1991).
 
 
 3
 However, one of Smith's claims was that defendants placed him in a cell with no heat on severely cold days and nights, and that the moisture from the walls wet his bedding which was on the floor where he was forced to sleep from January 27, 1989 until May 3, 1989. Smith alleged that due to these sleeping arrangements he contracted an ear infection which caused the loss of 20% of his hearing and which will lead to further loss of hearing in his left ear. Smith also claimed that he was placed in lock-up and lost privileges in retaliation for exercising his right to address the state court and that jail policy prohibited him from receiving magazines and materials from publishers and from possessing his personal Bible.
 
 
 4
 These claims were not mooted by Smith's transfer out of the Lexington County jail because Smith sought damages as relief. See Mawhinney v. Henderson, 542 F.2d 1 (2d Cir.1976); United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir.1971).
 
 
 5
 Smith's allegation of being forced to sleep on the floor for over 3 months in a severely cold cell on wet bedding states a due process violation. See Lyons v. Powell, 838 F.2d 28 (1st Cir.1988). Defendants admitted in their motion for summary judgment that floor mattresses are used at the jail because of overcrowding. Moreover, Smith has alleged serious harm arising from this condition. Thus, a genuine issue of material fact existed and summary judgment was not appropriate on this claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).
 
 
 6
 Smith's allegation that he was placed in lock-up status as punishment in retaliation for exercising his right to address the court states a violation of the due process clause also. See Howland v. Kilquist, 833 F.2d 639, 644 (7th Cir.1987); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir.1986). Although the magistrate judge's observation that jail inmates are usually kept locked up is supported by the record, Smith's allegation goes beyond merely being confined in a cell and states that certain privileges were withheld from him while on this lock-up status. Defendants failed to adequately address this issue in their motion for summary judgment and a genuine issue of material fact existed.
 
 
 7
 In addition, in his affidavit, Captain Bost admitted that the jail practice is not to allow possession of magazines and such material by one inmate because of security concerns. He stated that such material is allowed when available to all inmates and that personal Bibles are allowed in jail. In order to determine whether the alleged blanket ban on magazines violated Smith's first amendment rights, an analysis as outlined in Bell v. Wolfish, 441 U.S. 520, 548-552 (1979), must be performed. Similarly, if the district court resolves the factual dispute regarding the Bible and finds that Smith was in fact deprived of his Bible, it should perform the analysis set out in O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987), to determine if Smith's first amendment rights were violated by this action.
 
 
 8
 Accordingly, we affirm the district court's dismissal of all claims except the four identified above. We vacate the entry of judgment against Smith on those claims and remand the case to the district court for further consideration of those claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.