36 F.3d 1094
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis Leon TAYLOR, Sr., Petitioner-Appellant,
v.
P. L. HUFFMAN; Stateof Georgia, Respondents-Appellees.
 No. 93-7162.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 15, 1994.
Decided: September 28, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CA-92-800-R)
 Curtis Leon Taylor, Sr., Appellant Pro Se.
 Mark Ralph Davis, Office of the Attorney General of Virginia, Richmond, VA, for Appellees.
 W.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Curtis Leon Taylor appeals from a district court order that dismissed his 28 U.S.C. Sec. 2254 (1988) petition without prejudice.[1] Taylor, who is no longer in custody, alleged that Appellees did not bring him to trial in a timely manner under the Interstate Agreement on Detainers Act ("IAD") and that he was improperly denied parole in Virginia because of an invalid Georgia detainer. He sought "emergency relief" and money damages. We grant Taylor a certificate of probable cause to appeal and vacate and remand that portion of the district court's order that granted summary judgment to P. L. Huffman ("Huffman"), the warden of Bland Correctional Center, where Taylor was incarcerated when he filed his Sec. 2254 petition. We affirm the district court's order in all other respects.
 
 
 2
 The district court dismissed Taylor's Sec. 2254 petition as moot since he was no longer in custody when the court entered its final order. Since Taylor was "in custody" for Sec. 2254 purposes when he filed his petition, federal jurisdiction was not defeated by his release. See Carafas v. La Vallee, 391 U.S. 234, 238 (1968); Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir.1986). When a petitioner is released before his habeas proceedings are complete, the court must also determine if the case is moot, which is a separate issue from the jurisdictional issue. See Leonard, 804 F.2d at 842. A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Id. An action is not moot if "collateral consequences" survive the sentence, Carafas, 391 U.S. at 237-38, or if the challenged action is "capable of repetition, yet evading review." Leonard, 804 F.2d at 842.
 
 
 3
 Since Taylor has been released from custody, that portion of relief he sought has been achieved. Since he has not established any collateral consequences or an issue "capable or repetition, yet evading review," we affirm that portion of the district court's order that dismissed his Sec. 2254 claims as moot. Since Taylor's claim for money damages remained, the district court then construed his claims under 42 U.S.C. Sec. 1983 (1988). Claims for money damages under Sec. 1983 are not mooted by an inmate's release from confinement. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir.1976); United States ex rel. Jones v. Rundle, 453 F.2d 147, 150 (3d Cir.1971).
 
 
 4
 Absent waiver or consent, the Eleventh Amendment bars suits directly against the state or its agencies, regardless of the nature of the relief sought. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); see also Norris v. Georgia, 522 F.2d 1006, 1009 n. 4 (4th Cir.1975). We find that the district court properly held that Taylor's claims against the State of Georgia were barred by the Eleventh Amendment and affirm that portion of the district court order as well.
 
 
 5
 In regard to defendant Huffman, the court found that she did not violate any clearly established statutory or constitutional right and therefore was shielded by qualified immunity. The court stated:
 
 
 6
 Based on documents already of record, it is clear that Warden Huffman relied on advice from detainer experts within the Department of Corrections and upon a decision of the Virginia Supreme Court in honoring the Georgia detainer.
 
 
 7
 Since Huffman did not assert the qualified immunity defense in any pleading before the court and since there is no evidence in the record concerning the extent of her participation in or knowledge of the events surrounding Taylor's allegations, we vacate that aspect of the district court's order and remand the case to the district court for further proceedings consistent with this opinion.
 
 
 8
 A Georgia detainer was properly lodged against Taylor in May 1989. Even though Taylor was notified of the actions he needed to take to obtain disposition of his Georgia charges, he refused to sign the forms or initiate any of the appropriate procedures. Approximately three years later, the detainer clerk of the Virginia Department of Corrections determined that Georgia wanted to maintain its detainer and again notified Taylor of his opportunity to request disposition of the Georgia charges. Taylor again refused to complete the forms.
 
 
 9
 In May 1991, Taylor apparently mailed a "Demand for Trial" to a Georgia district attorney. The warden of the Staunton Correctional Center, where Taylor was then housed, stated in his affidavit that he received the document and forwarded it to the Virginia Attorney General's office. Taylor did not refer to the Georgia detainer at all in the pleading, but the document does note the location of the trial court and the indictment number. Apparently no action was taken pursuant to Taylor's motion.
 
 
 10
 Georgia moved to have Taylor returned to that state for trial in June 1992. The Virginia Attorney General's Office responded in July 1992 that Taylor was entitled to a hearing under Cuyler v. Adams, 449 U.S. 433 (1981), for extradition purposes. In September 1992, the Virginia Parole Board notified Taylor that he had been granted parole. Taylor states in his petition that he was scheduled for release on October 9, 1992, but his release was withheld because of the Georgia detainer.[2] The Virginia Attorney General's Office stated in its Motion to Dismiss that Taylor's Cuyler hearing was pending when it filed the motion in November 1992. The Virginia Supreme Court denied Taylor's petition for habeas corpus relief in November 1992.[3] In December 1992, Taylor refused to waive extradition.
 
 
 11
 In January 1993, Taylor sought habeas corpus relief in a Virginia circuit court. That court granted the writ and, contrary to the State's assertion in its Motion to Dismiss,[4] found that Taylor's "Demand for Trial" triggered the provision in the Detainer Act, Va.Code Ann. Sec. 53.1-210 (Michie 1991), requiring trial within 180 days. Since Taylor was not brought to trial on the Georgia charges within that period, the court ordered that Taylor be released "subject to the requirements of the Virginia Parole Board." Taylor was released in February 1993.
 
 
 12
 Public officials are free from liability for monetary damages if they can plead and prove that their conduct did not violate clearly established rights of which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982). The question ultimately turns on whether a reasonable officer could have believed that the challenged conduct was lawful. Gooden v. Howard County, 954 F.2d 960, 964-65 (4th Cir.1992) (en banc). Qualified immunity is an affirmative defense, however, which the defendant must plead. Gomez v. Toledo, 446 U.S. 635, 640-41 (1980). Huffman filed a Motion to Dismiss in the district court in which she alleged that Taylor's "Demand for Trial" was inadequate to commence the running of the 180-day time period of the IAD. Since Huffman never asserted a qualified immunity defense in the district court, the court erred in applying it.
 
 
 13
 Even if Huffman had asserted a qualified immunity defense, the record in its present state does not support its application to her. The record does not contain any affidavit from Huffman or any evidence at all concerning her participation in the events surrounding Taylor's allegations. "[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c)). In determining whether this showing has been made, a court must assess the factual evidence and all inferences to be drawn therefrom in a light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir.1985). This Court has cautioned that summary judgment is a drastic remedy and should not be granted unless "it is perfectly clear that there are no genuine issues of material fact." Ballinger v. North Carolina Agricultural Extension Serv., 815 F.2d 1001, 1004-05 (4th Cir.), cert. denied, 484 U.S. 897 (1987). The appellate standard of review of a grant of summary judgment is de novo. Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
 
 
 14
 Construing the evidence in the light most favorable to Taylor, we find that summary judgment was inappropriate since there remains a genuine issue of material fact. Even if Huffman had asserted a qualified immunity defense, it is unsupported by the record. Application of qualified immunity hinges on three discrete determinations:
 
 
 15
 (1) Identification of a specific right allegedly violated;
 
 
 16
 (2) Whether the right was so clearly established as to alert a reasonable officer to its constitutional parameters; and
 
 
 17
 (3) Whether a reasonable officer could have believed that his conduct was lawful.
 
 
 18
 Collinson v. Gott, 895 F.2d 994, 998 (4th Cir.1990) (Phillips, J., concurring). Taylor has clearly alleged that Huffman violated his right to due process by denying his release on parole because of an invalid detainer, a right that was clearly established to alert a reasonable warden of its constitutional parameters.
 
 
 19
 There remains, however, a genuine issue of material fact as to whether a reasonable officer in Huffman's position could have believed that her conduct was lawful. In evaluating an officer's conduct, the "reasonableness of [her] response must be gauged against the reasonableness of [her] perceptions, not against what may later be found to have taken place." Gooden, 954 F.2d at 965. The record contains no evidence concerning Huffman's actions or the extent of her knowledge of Taylor's detainer. Thus even if Huffman had asserted a qualified immunity defense, there is no evidence to support the crucial element of the "reasonableness" of her conduct. Huffman is not entitled to summary judgment on the merits either since, when the record is construed in the light most favorable to Taylor, there is no evidence at all regarding Huffman's conduct as warden of Taylor's incarcerating institution. For these reasons, we vacate that portion of the district court's order that granted summary judgment to Huffman and remand that aspect of Taylor's appeal to the district court for further supplementation of the record to ascertain the role played by Huffman in denying Taylor's parole. We affirm the district court's order in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 20
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 [1]
 Generally dismissals without prejudice are not appealable. Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064 (4th Cir.1993). Since amendment to Taylor's complaint could not cure the "defects" the court found in his case, the court's dismissal is a final, appealable order. Id
 
 
 [2]
 Taylor filed his Sec. 2254 petition in the district court on October 20, 1992
 
 
 [3]
 The Virginia Supreme Court stated only that "the writ of habeas corpus should not issue as prayed for" and cited Va.Code Ann. Sec. 8.01-654 (Michie 1991), Virginia's habeas corpus statute
 
 
 [4]
 The State filed its motion to dismiss in November 1992, prior to the Virginia circuit court's action on Taylor's habeas corpus petition. The State did not file any further response in the district court