38 F.3d 1213
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Thomas Eugene LANGSTON, Plaintiff-Appellant,
v.
Rufus FLEMING; W. M. Riddle; Virginia Department of
Corrections, Defendants-Appellees.
 No. 93-7329.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 2, 1994.
Decided: October 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-93-1329-AM)
 Thomas Eugene Langston, Appellant Pro Se.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas E. Langston, a Virginia prison inmate, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 (1988) action. Langston was transferred to Nottoway Correctional Center (NCC) from Greensville Correctional Center, where he had been charged with assaulting a female officer. He claims that, at NCC, four guards made known to other inmates that he was charged with rape so that he would be in danger from other inmates. When Langston sought to have these guards criminally prosecuted, the magistrate refused to issue warrants. He also complains that he was denied a shower on two separate occasions, and that his three hours per week of exercise time was taken away beginning August 18, 1993. Langston sued Fleming, the warden of NCC, Riddle, a Nottoway County magistrate, and the Virginia Department of Corrections, seeking a total of $3 million dollars in damages. Prior to service on Defendant, the district court, upon learning that Langston had been transferred to another institution, summarily dismissed the action as moot.
 
 
 2
 A claim for money damages is not mooted by an inmate's transfer to another facility. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991); Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir.1976). Because Langston plainly sought monetary relief, his claims were not properly dismissed as moot. However, we conclude that all of Langston's claims, except his claim that he was denied recreation, are constitutionally frivolous. Accordingly, we affirm the summary dismissal of all of Langston's claims except the recreation claim.
 
 
 3
 Under Neitzke v. Williams, 490 U.S. 319, 325 (1989), a claim is frivolous under 28 U.S.C. Sec. 1915(d) when it lacks an arguable basis in law or in fact. Langston claims that the guards endangered his life by informing other inmates that he was charged with rape. However, he admits that he was held in a secure, protective custody until his transfer and had no problems with inmates during his time at NCC. Verbal abuse of an inmate by guards, without more, does not state a claim of assault. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979). Likewise, Langston's claim against the state magistrate for failure to issue warrants against the guards is frivolous because of Riddle's absolute immunity for acts performed in his judicial capacity. Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987). Furthermore, Langston's alleged deprivation of two showers on separate days does not amount to a claim of cruel and unusual punishment under the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see Davenport v. DeRobertis, 844 F.2d 1310, 1316-17 (7th Cir.) (one shower per week for inmates in administrative segregation does not violate Eighth Amendment), cert. denied, 488 U.S. 908 (1988).
 
 
 4
 We cannot, however, be sure that Langston's claim regarding deprivation of exercise is legally or factually frivolous under Sec. 1915(d). While it is not clear from the complaint, Langston arguably may have been without exercise for over three months. This claim states a constitutional violation. Mitchell v. Rice, 954 F.2d 187, 191-92 (4th Cir.), cert. denied, 61 U.S.L.W. 3264 (U.S.1992); Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 865-66 (4th Cir.1975). Therefore, we remand the recreation claim for further consideration.*
 
 
 5
 Accordingly, we affirm in part the judgment of the district court, vacate in part, and remand for further proceedings consistent with this opinion.
 
 
 6
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 On remand, Langston will have to show that his alleged deprivation was sufficiently serious and that prison officials were deliberately indifferent. Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991)