[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
On February 16, 2001, the respondeat moved to dismiss this petition for a writ of habeas corpus. On February 16, 2001, the motion was granted without a memorandum of decision.
By way of this memorandum of decision, the court will place on the record the reasons for its decision.
By petition filed December 1, 2000, petitioner sought a writ of habeas corpus. In the petition, he alleged that he was imprisoned at the Corrigan Correctional Institute. The petition alleged that the "Specific Conditions in the prison are inhumane and dangerous to petitioner." In an attached document, petitioner alleged under oath, in effect, that: 1) the recreation and exercise activities allowed his housing unit were inadequate; 2) that the facilities at Corrigan were being used to foster the establishment of religion in violation of the federal and state constitutions; 3) the water system at Corrigan was unfit for human use; and 4) the ventilation system in his cell constantly blew freezing air causing pain and suffering to him.
On January 29, 2001, the Assistant Attorney General, Steven R. Strom, appeared for the respondeat.
On February 16, 2001, the respondeat moved to dismiss its petition claiming that the petition failed to state a claim for which relief could be granted. In support of the motion, respondeat stated that petitioner had been transferred from the Corrigan Correctional Institute on February CT Page 4297 2, 2001 to Cheshire Correctional Institute. In support of this claim, a Department of Correction printout confirming the transfer was attached to the motion. In further proof of the transfer, mail from petitioner indicated a return address at Cheshire Correctional Institute.
The evidence is clear that petitioner was transferred from Corrigan on February 2, 2001 and it was so found.
Under the allegations of the petition, the only relief which could be granted, in the event such allegations were proven, would be an order directed to the respondeat to correct the conditions of confinement affecting petitioner at Corrigan Correctional Institute. Since it has been established that petitioner is no longer confined at that institute, no such relief could be granted.
In order for the court to exercise its judicial power, an actual case of controversy must exist at each stage of the proceedings not only at the time the petition was filed. In view of the fact that petitioner is no longer incarcerated at Corrigan Correctional Institute, an order directed to the conditions of confinement at that institution is moot.Mawhinney v. Henderson, 542 F.2d 1, 2 (1976).
The judicial authority should promptly review any petition for a writ of habeas corpus to determine whether the writ should issue P.B. §23-24. The judicial authority may, at any time, upon its own motion or upon motion of the respondeat, dismiss the petition if it determines that the court lacks jurisdiction or that the claims asserted in the petition are moot. P.B. § 23-29.
Accordingly, the petition is dismissed.
Joseph J. Purtill, Judge Trial Referee