07-5478-pr
Day v. Chaplin

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty fifth day of November two thousand and nine.

PRESENT:

> ROGER J. MINER,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JASON MOURICE DAY,

*Plaintiff-Appellant*,

v.                                                          No. 07-5478-pr

PAUL CHAPLIN, WAYNE CHOINSKY, T. BOGDANOFF, CAPTAIN TRAVLIN, and JAMES DZURENDA,

*Defendants-Appellees*,

THERESA C. LANTZ, JAMES MCGAUGHEY, NANCY B. ALISBERG, BEN A. SOLNIT, DAVID C. FATHI, ERIN BOGGS, DAVID BUDLONG, MARK BUCHANAN, DOCTOR LAWLOR, TERRENCE M. O'NEILL, ANN E. LYNCH, STEVEN R. STROM, CONNECTICUT DEPARTMENT OF MENTAL HEALTH, and OFFICE OF CONNECTICUT ATTORNEY GENERAL,

*Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

_____

* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

1

FOR PLAINTIFF-APPELLANT:     Jason Mourice Day, *pro se*, Cheshire, CT

FOR DEFENDANTS-APPELLEES:     Ann E. Lynch, Assistant Attorney General (Richard Blumenthal, Attorney General, *on the brief*), Attorney General's Office, State of Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Jason Mourice Day ("plaintiff" or "Day") appeals from a judgment of the District Court which (1) dismissed plaintiff's claims for injunctive relief as moot and (2) granted summary judgment to the defendants-appellees on plaintiff's 42 U.S.C. § 1983 claims upon finding that plaintiff failed to exhaust his administrative remedies. We assume the parties' familiarity with the factual and procedural history of this case.

As an initial matter, we agree with the District Court that Day's claims for injunctive relief have been rendered moot. Those claims related to his treatment at the Garner Correctional Institution ("GCI") and sought transfer from that facility. Because Day is no longer housed at GCI, his claims for injunctive relief are moot. *See Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976).

We review *de novo* an order granting summary judgment. *See, e.g.*, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate only if "there is no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Woodford v. Ngo*, the Supreme Court held that the exhaustion requirement of the PLRA cannot be satisfied by an "untimely or otherwise procedurally defective administrative grievance or appeal," and that the PLRA requires "proper exhaustion," which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." 548 U.S. 81, 83-84, 90 (2006) (internal quotation marks omitted). This Court has recognized three qualifications to the PLRA's exhaustion requirement: "when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such [a] way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006).

We agree with the District Court that Day failed properly to exhaust his administrative remedies. The District Court took judicial notice of Administrative Directive 9.6 of the Connecticut Department of Correction, which "provides that matters relating to [the] application of departmental policies, rules and procedures, individual employee actions, and any other matters relating to access to programs, conditions of care and housing unit conditions are grievable" and further noted that "plaintiff's claims fall into these categories." *Day v. Lantz*, No. 03:05 cv 1347, slip op. at 7-8 (D. Conn. Nov. 15, 2007). The informal letters of complaint that Day sent to the Connecticut Department of Correction officials do not conform to the proper administrative remedy procedures established by the Connecticut Department of Correction. Moreover, the affidavits of the grievance coordinators at the facilities where Day was incarcerated establish that Day did not file any proper administrative grievances relevant to the claims raised in his complaint.

Although Day argues that he could not pursue a grievance with the Department of Correction based on a settlement agreement between the State of Connecticut Office of Protection and Advocacy for Persons with Disabilities and Connecticut prison officials, that agreement explicitly states that it does not alter the administrative remedies available to prisoners. Moreover, he has presented no evidence showing that his misunderstanding of the available grievance procedures was reasonable. Accordingly, the District Court's grant of summary judgment based on plaintiff's failure to exhaust administrative remedies was proper.

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3