831 F.2d 514
 Francis Hunter PRESSLY, Plaintiff-Appellant,
v.
H.H. GREGORY; S. Hedgepeth; James P. Rogers, Sled (S.
Carolina); Unknown Sled Agent; C.E. Parrish, Deputy
Sheriff; T.G. Royster, Deputy Sheriff; J.E. Keeton, Deputy
Sheriff; T.E. Wilkinson, Deputy Sheriff, Defendants-Appellees.
Francis Hunter PRESSLY, Plaintiff-Appellee,
v.
James P. ROGERS, SLED (S. Carolina); Unknown SLED Agent,
Defendants-Appellants,
and
H.H. Gregory; S. Hedgepeth; C.E. Parrish, Deputy Sheriff;
T.G. Royster, Deputy Sheriff; J.E. Keeton, Deputy
Sheriff; T.E. Wilkinson, Deputy
Sheriff, Defendants.
 Nos. 86-7412, 86-7413.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 6, 1987.
Decided Oct. 21, 1987.
 
 Ward L. Thomas, Third Year Law Student (Professor Stephen A. Saltzburg, Supervising Atty., University of Virginia School of Law; Jessica A. Ginsburg, Third Year Law Student on brief), for plaintiff-appellant.
 Gerard P. Rowe (Williams, Worrell, Kelly & Greer, P.C. on brief); Linwood T. Wells, Jr., Asst. Atty. Gen.; (James W. Hopper; Gardner, Moss and Harper, on brief), for defendants-appellees.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 K.K. HALL, Circuit Judge:
 
 
 1
 Francis Hunter Pressly, a South Carolina inmate, brought a civil action pursuant to 42 U.S.C. Sec. 1983 against two Virginia state magistrates and six law enforcement officers from Virginia and South Carolina. Pressly alleged that his involuntary transfer from a Virginia prison to a South Carolina penal institution violated his constitutional right to due process and was accomplished with recourse to constitutionally excessive force. In this consolidated appeal and cross-appeal, Pressly now challenges an order of the district court granting summary judgment in favor of the defendants with regard to a portion of his complaint and dismissing the remainder of the action without prejudice. Two of the defendant police officers cross-appeal the district court's refusal to dismiss the entire action with prejudice. We affirm in part, vacate in part, and remand.
 
 I.
 
 2
 In 1978, Pressly began serving a state sentence for robbery and forgery in Virginia. While serving that sentence, he was transported to South Carolina in 1979 pursuant to the Interstate Agreement on Detainers to face criminal charges pending in that state. After pleading guilty in South Carolina to a number of felonies, including armed robbery, forgery, and possession of an unlawful weapon, Pressly was sentenced to several terms of imprisonment. The South Carolina sentences, totalling twenty years, were to run concurrently with the Virginia sentence. Pressly was then returned to Virginia to resume the service of his sentence in that state.
 
 
 3
 On April 23, 1985, Pressly was scheduled to be released from the Powhatan Correctional Center after completing the Virginia sentence. On that date, John P. Rogers and Terry D. King,[1] agents of the South Carolina Law Enforcement Division ("SLED"), arrived at the prison to transport Pressly to South Carolina. Pressly, however, objected to being taken into custody by the SLED agents, contending that he could not be transferred to South Carolina to complete his sentence in that state unless he was first extradited pursuant to the terms of the Virginia Uniform Criminal Extradition Act ("UCEA"), Virginia Code Secs. 19.2-85 et seq.
 
 
 4
 Ignoring Pressly's objections, Rogers and King began the process of transporting him to South Carolina. On the evening of April 23, 1985, the two SLED agents and their prisoner stopped for the night at the Mecklenburg County Jail in Boydton, Virginia. Rogers and King appeared before a state magistrate, H.H. Gregory, and requested that Pressly be housed overnight in the jail. Pressly again asserted that he was being extradited against his will and in violation of Virginia law. After a private conference with agent Rogers, magistrate Gregory ordered Pressly held overnight in the county jail.
 
 
 5
 On the following morning at approximately 7:00 a.m., Pressly requested that deputy sheriff C.E. Parish take him before another magistrate, Sally Hedgepeth, to contest the validity of the alleged extradition by the SLED agents. Instead, Parish took Pressly to the jail booking room where agent Rogers was waiting. Despite being told by deputy sheriff T.G. Royster that magistrate Hedgepeth had declined to hear his allegations, Pressly refused to sign for his belongings or to leave voluntarily until he was taken before the magistrate. At that point, agent Rogers attempted to handcuff his prisoner. Pressly now admits that he resisted the efforts to place him under restraint.
 
 
 6
 In the face of Pressly's resistance, Rogers requested the assistance of the four deputy sheriffs present in the booking room, Parish, Royster, J.E. Keeton and T.E. Wilkinson. Pressly later alleged that the officers fell on him "en masse" and beat him although he was offering only passive resistance. With the aid of the deputy sheriffs, Rogers placed Pressly in four-point restraints. Agents Rogers and King then resumed their trip to South Carolina where Pressly is currently incarcerated.
 
 
 7
 In February of 1985, prior to his release from Powhatan, Pressly had filed a pro se petition for a writ of habeas corpus in federal district court in South Carolina challenging South Carolina's right to take him into custody. The petition was pending before the court at the time that Pressly was transported to South Carolina. He then amended the petition to include his allegations of improper extradition as a basis for habeas relief. On June 27, 1985, the district court dismissed the petition on the merits. On appeal, however, this Court in an unpublished opinion, Francis Hunter Pressly v. Attorney General of South Carolina, 786 F.2d 1156 (4th Cir.1986), vacated the district court's judgment and remanded with instructions to dismiss the petition without prejudice for failure to exhaust available state remedies.
 
 
 8
 On April 21, 1986, Pressly filed in district court in the Eastern District of Virginia, the civil action that is the subject of the instant appeal. In his complaint, Pressly sought damages pursuant to 42 U.S.C. Sec. 1983 for the violation of his due process rights stemming from his forcible transfer to South Carolina. Pressly also alleged injuries supposedly suffered during the unjustified assault upon him by the deputy county sheriffs and the SLED agents at the Mecklenburg County Jail. Named as defendants were the two Virginia magistrates, Gregory and Hedgepeth, the two SLED agents who transported Pressly and the four Virginia deputy sheriffs who assisted in restraining Pressly at the Mecklenburg County Jail.
 
 
 9
 In response to a motion presented by defendants Gregory and Hedgepeth, the district court dismissed the claims against them on the basis of absolute judicial immunity. The court also granted summary judgment in favor of the defendants on Pressly's excessive force claim. Finally, the district court declined to exercise jurisdiction over Pressly's allegation of illegal extradition. The court concluded that while the same due process claim was pending in South Carolina state courts in connection with Pressly's unexhausted habeas petition, comity required that it abstain from considering the issue in a separate civil action. Accordingly, the district court dismissed the due process claim without prejudice. This appeal and cross-appeal followed.
 
 II.
 
 10
 On appeal, Pressly contends that the district court erred by refusing to address his due process claim on the merits. He argues that the violation of the Virginia version of the UCEA during his transfer was clear and that the state courts in South Carolina are unlikely to provide an extradited prisoner with redress for an alleged denial of due process predicated upon another state's statute. In Pressly's view, abstention is not appropriate when a civil action pursuant to 42 U.S.C. Sec. 1983 provides the only avenue for available relief. Pressly also contends that Gregory was not entitled to judicial immunity because the magistrate was not performing a proper judicial act when he committed Pressly to overnight incarceration in the Mecklenburg County Jail. Finally, Pressly contends that there are material questions of fact regarding the degree of force inflicted upon him at the Virginia jail that preclude the entry of summary judgment on the issue of intentional infliction of constitutionally excessive force.
 
 
 11
 In their cross-appeal, the defendant law enforcement officers agree that the district court was not required for reasons of comity to abstain from deciding Pressly's due process claim. They contend, however, that Pressly's transfer was an administrative matter, and not an extradition within the meaning of the Virginia UCEA. The cross-appellants further argue that any allegations based upon the procedural requirements of the UCEA are frivolous. We agree that Pressly's entire action should be dismissed although for reasons somewhat different than those advanced by either the court below or the cross-appellants.
 
 
 12
 As an initial matter, we see no error in the district court's disposition of Pressly's claim against magistrate Gregory.[2] As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity. Timmerman v. Brown, 528 F.2d 811 (4th Cir.1975). That immunity is vitiated only when the judicial officer acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Pressly suggests that state magistrates have no authority under the UCEA to order temporary confinement of extradited prisoners. Even were we to accept that contention, judicial immunity would still be appropriate, however. The very applicability of the UCEA with regard to Pressly's transfer represents an unsettled and disputed point of law. In contrast, the general authority of magistrates to commit persons accused of crimes to jail is well established in Virginia by statute. See Va.Code Secs. 19.2-45, 119, and 123. It simply cannot be plausibly asserted that magistrate Gregory clearly and unmistakably lacked jurisdiction in this instance.
 
 
 13
 We likewise agree with the district court's decision to grant summary judgment in favor of the defendant police officers on the excessive force claim. In this Circuit, allegations of constitutionally excessive force require the court's consideration of the four factors articulated in King v. Blankenship, 636 F.2d 70 (4th Cir.1980):
 
 
 14
 (1) The need for the application for the force,
 
 
 15
 (2) The relationship between the need and the amount of the force that was used,
 
 
 16
 (3) The extent of the injury inflicted, and
 
 
 17
 (4) Whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm.
 
 
 18
 Pressly has conceded that coercive force was applied against him only after he refused to cooperate with the officers and resisted efforts to handcuff him. Both a legitimate need and a proper purpose for the force are, therefore, established by appellant's own admission.[3]
 
 
 19
 Force that is justified at its inception may, of course, still cross the boundary of constitutionality if the level of coercion actually applied dramatically exceeds the amount needed to accomplish the legitimate goal and causes unnecessary injury. We see no indication, however, that the force inflicted by the officers against appellant was of such an impermissible degree. Pressly alleged that the assault by the officers inflicted injuries to his face and groin that caused pain for weeks following the incident. A medical examination and a photograph of appellant taken the next day, however, revealed no indication of any physical injury. We agree with the district court that official force justifiably applied against a resisting prisoner which causes no verifiable injury cannot support a claim of constitutional violation.
 
 III.
 
 20
 Turning to appellant's principal contention in this appeal, we conclude that the district court properly declined to consider the allegations of improper extradition. Our analysis differs somewhat, however, from that of the court below. Properly viewed, the question in this appeal is not whether comity required abstention but whether the district court could properly exercise jurisdiction over the claim presented by appellant.
 
 
 21
 Pressly has presented his objections to the manner in which he was transferred to South Carolina as a claim for damages under 42 U.S.C. Sec. 1983. Merely because a plaintiff is "flying the banner of 42 U.S.C. Sec. 1983," however, does not prevent a court from construing the action as one for habeas relief under 28 U.S.C. Sec. 2254, particularly when the goal of the plaintiff is to challenge the validity of his incarceration. Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981). As we noted in Hamlin, supra, "to hold otherwise would be to substantially undermine the exhaustion of remedies requirement, for anyone who could state a viable civil rights claim could subvert it by postponing a claim for release until his substantive rights had been adjudicated in a federal forum." Hamlin, 664 F.2d at 32.
 
 
 22
 The gravamen of Pressly's improper extradition claim is that South Carolina has taken him into custody in violation of his rights under statutory law. A judicial determination in his favor would necessarily imply that his present confinement in South Carolina is illegal. Indeed, that identical claim was a significant portion of Pressly's previous petition for habeas relief which this Court remanded to permit exhaustion of state remedies. We conclude, therefore, that appellant's asserted violation of due process, although presented in the form of a Sec. 1983 action is but a thinly disguised version of his unresolved habeas petition.
 
 
 23
 When the facade is removed and appellant's extradition claim properly construed as a habeas petition, it is evident that more than comity prevented the court below from deciding the merits of the issue. A district court is statutorily empowered to issue a writ of habeas corpus "within [its] ... jurisdiction" 28 U.S.C. Sec. 2241(a). Although the Supreme Court in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), abandoned the older view that a district court's habeas jurisdiction is limited to cases where the petitioner is confined within its territorial jurisdiction, there are still clear limits to a court's power to entertain a habeas petition. Essentially, the court may now issue the writ only when it has jurisdiction over the custodian. In this instance, we can see no plausible means by which a district court sitting in the Eastern District of Virginia could assert any authority over the South Carolina penal officials currently serving as appellant's custodian.
 
 
 24
 In Braden, the petitioner, an escaped Kentucky prisoner being held in an Alabama prison, sought to challenge his Kentucky conviction through a habeas petition brought in the Eastern District of Kentucky. The Court noted that in circumstances where the custodian state was merely acting as the agent for the demanding state and had no interest in the resolution of the habeas dispute, jurisdiction properly existed in the demanding state pursuant to 28 U.S.C. Sec. 2241. Braden, 410 U.S. at 498-99, 93 S.Ct. at 1131-32.
 
 
 25
 The instant situation is obverse. Appellant's dispute is entirely with the present custodian state. Virginia, and by extension a federal district court sitting in that state, has no interest in the validity of appellant's confinement in South Carolina and thus no authority over any habeas petition he might present.
 
 
 26
 The jurisdiction of the district court cannot be extended or altered by artful pleading. Just as the court below could not have entertained a true petition for habeas relief on behalf of Pressly, it likewise has no authority over an evasive effort to obtain the functional equivalent of habeas relief through an alternative channel. We conclude, therefore, that the district court's dismissal of Pressly's due process claim without prejudice should be vacated. On remand, the court should characterize that portion of Pressly's complaint as a petition for a writ of habeas corpus and dismiss it for want of jurisdiction.
 
 IV.
 
 27
 For the foregoing reasons, the judgment of the district court dismissing the defendant magistrates on the basis of judicial immunity and granting summary judgment on appellant's allegation of constitutionally excessive force is affirmed. The district court's order with regard to appellant's alleged illegal extradition is vacated and the matter remanded for entry of an order dismissing that portion of the complaint for want of jurisdiction.
 
 
 28
 AFFIRMED in part; VACATED in part; and REMANDED.
 
 
 
 [1]
 In Pressly's complaint, King is identified as an "Unknown SLED Agent."
 
 
 [2]
 Appellant no longer challenges the dismissal of magistrate Hedgepeth on the basis of judicial immunity
 
 
 [3]
 Appellant's contention that he had a right to resist the improper extradition is unavailing. In Wright v. Bailey, 544 F.2d 737 (1976), this Court noted that the common law right to resist an illegal arrest exists only when the illegality is clear at the time that arrest occurs. A subsequent determination that an arrest was improper does not automatically sanction resistance offered at a time when the law was unsettled
 In the present case, there has been no judicial determination that Pressly's transfer to South Carolina was anything but a routine administrative procedure. There is, therefore, no authoritative support for appellant's claim that he was being illegally extradited and entitled to resist otherwise lawful orders.