924 F.2d 1052
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JOHNATHAN LEE X, Plaintiff-Appellant,
v.
Doris R. CASEY, Jane Doe, David G. Lowe, Defendants-Appellees.
 No. 90-6677.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1991.
Decided Feb. 4, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-90-250-N)
 Johnathan Lee X, appellant pro se.
 Robert William Jaspen, Office of the United States Attorney, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before K.K. HALL, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnathan Lee X, a Virginia prisoner proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in which he alleged that the defendant magistrate judge, court clerk, and assistant clerk denied him access to courts in various ways. The district court granted motions to dismiss on behalf of the magistrate judge and the court clerk. We affirm those portions of the district court's order. We vacate and remand, however, the court's dismissal of X's claims against the assistant clerk as frivolous under 28 U.S.C. Sec. 1915(d) for the reasons stated below.
 
 
 2
 X contends that the defendants violated his right to access to courts and to due process of law by failing to file his notice of appeal and by failing to transmit records in his case to this Court for review after he had filed a timely notice of appeal. (X sought to appeal the magistrate judge's dismissal of his 42 U.S.C. Sec. 1983 action against officials of the Mecklenburg Correctional Center which alleged infringement of "religious freedoms.") He also contends that the magistrate judge never ordered prison officials to respond to his complaint and never gave him an opportunity to put on evidence; he continues that the magistrate judge failed to inform him of his right to appeal the magistrate judge's dismissal of his complaint. X also claims that the assistant court clerk failed to file his timely notice of appeal which she had received. He asserts that the court clerk did not respond to his request for information and forms on suing federal officials and that the clerk failed to properly supervise and train the assistant clerk.
 
 
 3
 The district court dismissed the claims against the magistrate judge on grounds of judicial immunity; the court dismissed the claims against the court clerk on its reasoning that Bivens liability may not be predicated on a theory of respondeat superior. Finally, the court dismissed the claims against the assistant clerk as frivolous under 28 U.S.C. Sec. 1915(d). X noted a timely appeal.
 
 
 4
 Magistrate judges are entitled to absolute immunity for acts performed in their judicial capacity. Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987). This immunity is vitiated only when the judicial officer acts in the clear absence of all jurisdiction. Id. Since Magistrate Judge Lowe acted under appropriate jurisdiction in X's case, the district court properly granted the motion to dismiss the claims against him on immunity grounds.
 
 
 5
 As the district court noted, Bivens liability may not be based on respondeat superior. Jett v. Dallas Ind. School Dist., 57 U.S.L.W. 4858, 4867 (U.S. June 22, 1989) (No. 87-2084). This Court has held, however, that supervisory officials may be held liable in certain circumstances for constitutional injuries inflicted by their subordinates. Slakan v. Porter, 737 F.2d 368, 372 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985). Instead of respondeat superior, liability is premised "on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. A plaintiff must show "a pervasive and unreasonable risk of harm from some specified source and that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].' " Id. at 373 (citations omitted). Evidence of a supervisor's continued inaction in the face of documented widespread abuses provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates. Id. Since X has alleged neither any personal involvement of the court clerk nor deliberate indifference to any documented widespread abuses, the district court correctly granted the motion to dismiss the court clerk.
 
 
 6
 A pro se complaint may be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) if there is no factual or legal basis for the complaint. Neitzke v. Williams, 490 U.S. 319 (1989); White v. White, 886 F.2d 721, 723 (4th Cir.1989). But allegations, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence, unless it is "beyond doubt" that the plaintiff could prove no set of facts entitling him to relief. Cruz v. Beto, 405 U.S. 319 (1972). In McCray v. Maryland, 456 F.2d 1 (4th Cir.1972), this Court held that absolute immunity does not shield a state court clerk performing ministerial duties, and that a state prisoner's complaint alleging he is entitled to damages as a result of a state court clerk's failure to file the notice of appeal sufficiently alleged a claim of denial of access to the courts under Sec. 1983.
 
 
 7
 Since there is no response from the assistant clerk in the record and since under McCray X has alleged facts sufficient to indicate a factual or legal basis for a claim of denial of access to the courts under Sec. 1983,* the district court's dismissal of the claims against the assistant clerk as frivolous under 28 U.S.C. Sec. 1915(d) was inappropriate. We therefore vacate and remand that part of the district court's order. We affirm the district court's order in all other respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and argument will not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 Because this case was dismissed under Sec. 1915(d), this Court need not decide whether the decision in Daniels v. Williams, 474 U.S. 327 (1986), overrules the suggestion in McCray that negligence in filing necessary appellate papers by a court clerk is actionable under Sec. 1983, because, under Neitzke and the pleadings filed in this case, X's claim can be construed to state a claim of deliberate action by the assistant clerk