930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Albert JONES, Plaintiff-Appellant,
v.
Toni V. BAIR, Regional Administrator, R.M. Muncy, Warden of
the Virginia State Penitentiary, Samuel T. Shaw,
Jr., Treatment Program Supervisor,
Defendants-Appellees.
 No. 90-6620.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1991.
Decided April 9, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CA-90-225-N)
 William Albert Jones, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before K.K. HALL, PHILLIPS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Albert Jones filed a self-styled 42 U.S.C. Sec. 1983 complaint claiming that the defendants denied or expunged good-time credits for nine years. Jones requested compensatory and punitive damages but did not request an acknowledgement or restoration of these credits--Jones stated he does not contest the duration of his confinement. The district court ordered Jones to show exhaustion of his administrative remedies, pursuant to 42 U.S.C. Sec. 1997e.
 
 
 2
 One hundred five days later, Jones filed a motion to resume active consideration of his complaint, claiming to have attempted exhaustion of administrative remedies. He attached an Adult Grievance Receipt Form to his motion. The receipt listed one claim: "Wants all good time." On the back of the receipt, Jones somewhat vaguely related his grievance history.
 
 
 3
 The district court noted the assertions Jones made on the front and back of his grievance receipt but held that Jones's grievance was inadequate and too vague to inform the prison officials of his claim. Accordingly, the court dismissed Jones's complaint (without prejudice) for failing to comply with Sec. 1997e. Jones appealed.[1]
 
 
 4
 Although Jones is "flying the banner of 42 U.S.C.A. Sec. 1983," a district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982); see Pressly v. Gregory, 831 F.2d 514 (4th Cir.1987). To determine whether an action is properly considered a Sec. 1983 complaint (sometimes requiring exhaustion of administrative remedies under Sec. 1997e) or a habeas petition (requiring exhaustion of state remedies, see 28 U.S.C. Sec. 2254(b)), a court must consider whether the "core" of a petitioner's claim concerns the length or duration of his sentence and whether a claim of damages is purely ancillary to and dependent on a favorable resolution of the length or duration of his sentence. Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir.1983); see Alexander v. Johnson, 742 F.2d 117, 126 (4th Cir.1984). If it is, then the proceeding is in habeas. Id.
 
 
 5
 The "core" of Jones's complaint, although he states that he seeks only monetary relief, concerns the execution of his sentence. The resolution of Jones's action would necessarily decide the length of his confinement, Derrow v. Shields, 482 F.Supp. 1144 (W.D.Va.1980), and a successful petition would result in a decreased prison duration. Todd, supra. Accordingly, Jones's exclusive initial cause of action was in habeas, and the district court should have required exhaustion of state court remedies under Sec. 2254(b) rather than administrative remedies under Sec. 1997e. See Derrow, supra, at 1148.
 
 
 6
 Without deciding whether Jones's attempt to show exhaustion of his prison remedies satisfied the requirements of Sec. 1997e, we vacate the district court's order dismissing Jones's complaint and remand this case with instructions that the district court interpret Jones's filing as a habeas petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 [1]
 Jones's notice of appeal was filed forty five days after the entry of judgment. However, Jones certified that he mailed his notice within the filing period of Fed.R.App.P. 4(a), and his filing is timely. Houston v. Lack, 487 U.S. 266 (1988)