932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin TINGLE, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS, Tennessee Parole Bd.,
Warden, West Tennessee High Security Facility,
Defendants-Appellees.
 No. 90-6343.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Melvin Tingle is a pro se Arkansas prisoner who appeals the district court's dismissal of his petition for a writ of habeas corpus. Cf. 28 U.S.C. Sec. 2241. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Tingle was extradited from Tennessee to Arkansas to serve a forty-year sentence for aggravated robbery. He alleges that his extradition was invalid, that his guilty plea in Arkansas was not knowing and voluntary, and that Arkansas lacks jurisdiction to enforce his sentence because it is concurrent with his Tennessee sentence. On August 27, 1990, the United States District Court for the Western District of Tennessee dismissed Tingle's case for lack of jurisdiction. It is from this judgment that Tingle now appeals. He has also filed a motion to proceed in forma pauperis on appeal.
 
 
 3
 Tingle initiated this action by filing the form complaint that is often used by prisoners in civil rights actions under 42 U.S.C. Sec. 1983. However, the district court correctly construed Tingle's complaint as a habeas petition because it challenged "the very fact or duration of his physical imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Tingle argues that the district court failed to address his civil rights claim. However, this argument is misplaced because Tingle sought only the type of relief that is reserved for habeas corpus review under 28 U.S.C. Sec. 2241.
 
 
 4
 Tingle also argues that the district court had jurisdiction to hear his case because his extradition was initiated in Tennessee. However, it is undisputed that Tingle is in the custody of Arkansas authorities and that his extradition to Arkansas was completed several months before this action was filed. In addition, Tingle is challenging his confinement under an Arkansas detainer. Under any analysis, Tingle's custodian would be the warden of the Arkansas prison where he is presently confined. Thus, the district court properly dismissed Tingle's petition because it did not have jurisdiction over his custodian. See Pressly v. Gregory, 831 F.2d 514, 518-19 (4th Cir.1987).
 
 
 5
 Accordingly, Tingle's motion for pauper status is granted and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.