935 F.2d 1287
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Abdul-Shaheed TALIB, Plaintiff-Appellant,
v.
A. HOPE, Deputy Moody, Defendants-Appellees,
and
A. Winston, R. Robertson, Defendants.
 No. 90-7165.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 27, 1990.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-90-384)
 Abdul-Shaheed Talib, appellant pro se.
 John Adrian Gibney, Jr., Stuart Hamilton Dunn, Jane Chittom, Shuford, Rubin, Gibney & Dunn, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Abdul-Shaheed Talib, an inmate at the Staunton Correctional Center, filed a complaint pursuant to 42 U.S.C. Sec. 1983 against three prison officials he encountered while being held at the Richmond City Jail from April 21, 1988 until May 2, 1988. The complaint arises out of an incident at the law library. Because there is no merit to Talib's appeal, we affirm.
 
 
 2
 Talib's version of the events underlying his claim is that when he entered the library, there was much crowding around the sign-in table. He took a step back near the door which Deputy Hope interpreted as Talib attempting to close the door on him. According to Talib, Deputy Hope then called two other deputies for assistance. He further alleges that the Hope knocked Talib's cane away from him, threatened him, dragged him down the hall, and assaulted him by hitting him in the head with the prison keys. The other deputies purportedly kicked Talib and twisted his arm.[1] The district court rule in favor the defendants after a bench trial on the merits and Talib appeals.
 
 
 3
 The threshold question in Sec. 1983 claims involving excessive use of force is whether the defendants acted reasonably. The test is an objective one to be evaluated in light of the facts and circumstances confronting the official using the force. See Graham v. Connor, 490 U.S. 386 (1989). The four-part test utilized by the Fourth Circuit reflects this principle. The factors to be considered are:
 
 
 4
 (1) The need for the application for the force,
 
 
 5
 (2) The relationship between the need and the amount of the force that was used,
 
 
 6
 (3) The extent of the injury inflicted, and
 
 
 7
 (4) Whether the force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm.
 
 
 8
 Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987).
 
 
 9
 In applying the test to the present case, the primary issue is one of credibility. Defendants' version of the incident at the library is that Talib, upon seeing that he would have to wait in line for a substantial period of time, became "loud and boisterous" when asked to wait his turn and move inside the door. Deputy Hope further swore in his affidavit that Talib swung the door at him and, when informed that he would have to leave the library, threw down his papers and "posed in a threatening stance directed" at Deputy Hope. Hope felt the use of force was necessary because there had been two prior incidents in which he had been assaulted by Talib and feared the same would happen again.
 
 
 10
 Defendants also submitted the affidavit of the Director of Medical Services at the jail, Hugh Allen, who stated that an examination of Talib on the day of the alleged incident revealed "no broken skin, no swelling." He also stated that an X-ray of Talib's head and neck was negative. These statements are supported by copies of the medical records which include the doctor's reports.
 
 
 11
 Plaintiff's version, supported by unsworn affidavits of fellow inmates he encountered at the Richmond City Jail, differs in that he claims head, neck, and arm injuries resulted from the incident. It also diverges from defendants' version in that Talib denies having provoked Deputy Hope in any way.
 
 
 12
 From a review of the record, it is clear that the district court, upon hearing testimony at the bench trial, could have concluded that the use of force in this case was reasonable if it believed defendants' version that Deputy Hope was in some way provoked and had prior incidents with Talib. Moreover, it does not appear that the amount of force used was disproportionate to the need, notwithstanding Talib's claims of having been hit in the head with the keys. Although, the extent of injury does not necessarily preclude recovery in Sec. 1983 actions, where a constitutional infringement has occurred, the lack of verifiable injury is relevant in determining whether excessive force has been used. The medical evaluations do not reveal any physical damage traceable to the incident. Finally, if the district judge believed the defendants' testimony, force was properly used in a good faith effort to maintain discipline, since Deputy Hope could reasonably have believed that Talib posed a threat to the order and security of prison operations when he threw his papers down and became unruly.
 
 
 13
 For the foregoing reasons, the decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The original complaint also contained allegations that Talib was being denied a diet in compliance with his Muslim beliefs because all of his meals contained pork or other meat products and were not brought to him after sunset. Talib also complained that he was denied adequate medical attention in association with the incident in the law library. These claims were dismissed by the district court due to insufficiency of evidence. Although Talib filed a notice of appeal from the order dismissing those aspects of his complaint, the appeal was voluntarily dismissed pursuant to Fed.R.App.P. 42(b). Since Talib's present notice of appeal refers only to the district court's order of November 2, 1990, the claims pertaining to medical assistance and diet are not at issue here