960 F.2d 145
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ernest DAVIS, Petitioner-Appellant,
v.
James N. ROLLINS, Warden; Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 91-7224.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 6, 1992
Decided: April 16, 1992
 
 Ernest Davis, Appellant Pro Se. John Joseph Curran, Jr., Attorney General, Mary Ann Rapp Ince, Office of the Attorney General of Maryland, Baltimore, Maryland, for Appellees.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ernest Davis, a Maryland prisoner, appeals from the district court's denial of his petition under 28 U.S.C. § 2254 (1988). On April 22, 1991, the district court docketed the Report and Recommendation of the magistrate judge recommending that Davis's petition be denied. On April 29, the district court received a pleading from Davis entitled "Answer to Magistrate Report and Recommendation" in which Davis explained his objections to the magistrate judge's report and expanded on the arguments in his habeas petition. The district court adopted the Report and Recommendation of the magistrate judge without de novo review, asserting that Davis never filed objections to the magistrate's report and recommendation.
 
 
 2
 Davis's habeas petition should not have been dismissed by the district court without proper review simply because he mistakenly entitled his objections to the magistrate judge's report. Cf. Pressly v. Gregory, 831 F.2d 514, 518 (4th Cir. 1987) (filing of suit under 42 U.S.C. § 1983 challenging the validity of incarceration does not prevent district court from considering pleading as petition for habeas relief). Davis's "answer" should have been construed as timely filed objections to the magistrate judge's recommendations, requiring de novo review. See 28 U.S.C.A. § 636(b)(1)(B) (West Supp. 1991); Fed. R. Civ. P. 72(b). Because the court failed to consider Davis's objections or conduct the required de novo review, see Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982), we grant a certificate of probable cause to appeal, vacate the decision of the district court, and remand with instructions to conduct further proceedings not inconsistent with this decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED