21 F.3d 423
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Jimmie NELSON, Plaintiff-Appellant,
v.
M.C. CANNON; Ray Isgett; Blake E. Taylor, Jr., Defendants-Appellees.
 No. 93-6075.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 1, 1993.
Decided April 12, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-91-84-2-18AJ)
 Jimmie Nelson, appellant Pro Se.
 James Albert Stuckey, Jr., Stuckey & Kobrovsky, Charleston, SC, Austin J. Tothacer, Jr., Pinopolis, SC, for appellees.
 D.S.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jimmie Nelson appeals the district court's order granting the defendants' motion for summary judgment in his 42 U.S.C.Sec. 1983 (1988) action.* Because we find that the district court erred in granting summary judgment on some of Nelson's claims, we vacate the judgment in part and remand.
 
 I.
 
 2
 Nelson filed this suit in 1991, and a magistrate judge was directed to recommend disposition pursuant to 28 U.S.C. Sec. 636(b) (1988). The magistrate judge recommended granting summary judgment, and Nelson timely objected to the recommendation, thereby preserving appellate review. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir.1985). The district court adopted the magistrate judge's recommendation and granted summary judgment for Defendants.
 
 
 3
 Nelson maintained throughout the litigation that his claims should have been considered under the Due Process Clause because he was a pre-trial detainee at the time of the alleged wrongs. However, the record reveals that Nelson was being held not only as a pre-trial detainee, but also as a fugitive from justice. Because he was an escaped inmate on a New York conviction, Nelson's claims were properly considered under the Eighth Amendment standard. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).
 
 II.
 
 4
 Summary judgment was proper on several of Nelson's claims.
 
 
 5
 First, Nelson asserted that, in accordance with a jail policy maintained by the defendants, he was held seven days before he was arraigned. The magistrate noted that this claim"may implicate the validity of [Nelson's] confinement," and therefore held that the claim was cognizable only in habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Nelson objected to this holding, repeatedly emphasizing that he did not challenge the fact or duration of his incarceration, but rather sought only damages. The district court adopted the magistrate's recommendation. This ruling was proper. We have held that a prisoner cannot defeat the requirement of exhaustion of remedies by simply omitting a request for release. Pressly v. Gregory, 831 F.2d 514, 518 (4th Cir.1987); Hamlin v. Warren, 664 F.2d 29, 32 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). To hold otherwise would encourage "anyone who could state a viable civil rights claim [to] subvert [exhaustion of remedies] by postponing a claim for release until his substantive rights had been adjudicated in a federal forum." Hamlin, 664 F.2d at 32.
 
 
 6
 Second, Nelson complained that he was not allowed to exercise. Denial of outside exercise for an extended period of time may violate the Eighth Amendment. Mitchell v. Rice, 954 F.2d 187, 192-93 (4th Cir.), cert. denied, 113 S.Ct. 299 (1992). See also Sweet v. South Carolina Dep't of Corrections, 529 F.2d 854, 866 (4th Cir.1975) (en banc) (two hours per week might state claim if injury could be shown); Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir.1980) (one hour per day constitutionally permissible), cert. denied, 451 U.S. 937 (1981). We use a totality of the circumstances approach. In light of Nelson's status as a fugitive from justice, the additional charges pending against him in South Carolina, and the defendants' unrefuted allegations that Nelson was a management problem and that some exercise was available in his cell, Nelson's claim must fail. Therefore, we affirm the summary judgment for the defendants on this claim.
 
 
 7
 Third, Nelson complained that the defendants should be liable for a steel partition having fallen on him while he was using the toilet. While a deliberate failure to maintain the jail in a safe condition might state a Sec. 1983 claim, Nelson alleged only that he had told guards about the precarious wall. He has alleged no action or inaction on the part of the named defendants. Thus, he failed to state a claim. See Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir.1982). The district court properly granted summary judgment on this claim, and that portion of the order is affirmed.
 
 
 8
 Next, Nelson complained that he was denied an opportunity to freely exercise his religion because "there is no type of church facilities." Nelson did not verify this allegation, and it was refuted by Isgett's affidavit that services are held each Sunday and Wednesday. After the magistrate recommended that summary judgment be granted against him, Nelson asserted in his objections that he is a Muslim and has been denied a pork-free diet and other accommodations of his faith. Though these objections are verified, they came far too late to avoid summary judgment. Nelson cannot create a genuine issue of material fact by contradicting himself at the last minute. Barwick v. Celotex Corp., 736 F.2d 946 (4th Cir.1984).
 
 
 9
 Finally, Nelson complained that he was denied medical treatment while defendant Cannon was sheriff. Defendant Isgett, on the other hand, was not in control of the jail or Nelson at the time of the alleged deliberate indifference to Nelson's medical needs. Thus, his actions or inactions could not have been responsible for the harms alleged by Nelson, and thus no basis for liability on the part of Isgett could exist. The same reasoning absolves Isgett of liability for Nelson's claim that Cannon failed to protect him from violence by other inmates. The district court's judgment for Isgett on these claims was, therefore, appropriate; we affirm those portions of the summary judgment order.
 
 III.
 
 10
 With respect to the remaining claims, the district court erred in granting summary judgment. We first address the two claims that were properly dismissed with respect to Isgett.
 
 
 11
 Deliberate indifference to a prisoner's serious medical needs states an Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97 (1976). Deliberate indifference may be demonstrated either by actual intent or by a showing of reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990). Nelson claimed that he had been scalded by boiling water and had suffered from food poisoning. On both occasions, Nelson sought Cannon's assistance in obtaining treatment, but received none. The magistrate judge found that Nelson had failed to state a claim because he failed to point to specific evidence of improper motive or intent. However, the magistrate judge did not allow for the plausible inference, if the facts alleged are taken in a light most favorable to Nelson, that Cannon recklessly disregarded Nelson's serious medical needs. Further, the magistrate judge improperly weighed evidence. On summary judgment, the court may not judge credibility or weigh evidence. Gray v. Spillman, 925 F.2d 90, 95 (4th Cir.1991); Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir.1980). That portion of the order granting Cannon summary judgment on Nelson's claim of deliberate indifference to his serious medical needs is vacated, and the claim is remanded.
 
 
 12
 Nelson next complained that Cannon failed to protect him from violence. Deliberate or callous indifference on the part of prison officials to a specific, known risk of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir.1987). In his affidavit, Nelson claimed that he wrote to Cannon advising him of a life-threatening danger from a specific inmate (a jail "trustee") and that Cannon did nothing. The inmate later threw a pot of boiling water on Nelson and threatened him with a butcher knife. The magistrate judge and the district court found Nelson's allegations unconvincing in light of Cannon's affidavit contravening Nelson's claims. Again, such weighing of the evidence is improper. That portion of the order granting Cannon's motion for summary judgment with respect to this claim is vacated and the claim is remanded.
 
 IV.
 
 13
 The remainder of the claims involve potential liability on the part of both Cannon and Isgett. Thus, the resulting vacaturs apply to both defendants.
 
 
 14
 Nelson complained about the food at the jail. He alleged that, in accordance with jail policy, inmates prepared food without supervision. His claim is supported by a state investigation report citing the jail for unsupervised inmate preparation of food. Nelson also complained that the inmates were illegally served uninspected meat from deer that had been killed by cars in rural areas. The defendants freely admitted this contention. The district court erred in granting summary judgment on these claims. We have held that failure to provide wholesome meals prepared in a sanitary fashion can be a cognizable Eighth Amendment claim. Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir.), cert. denied, 439 U.S. 837 (1978). Because material disputes of fact exist regarding the wholesomeness and sanitary preparation of the food, defendants were not entitled to summary judgment. That portion of the district court's order addressing Nelson's food claims is vacated, and the claims are remanded.
 
 
 15
 Nelson next claimed that he was stripped naked and placed in an air-conditioned segregation cell for one week without covering. He alleged also that his normal cell was overcrowded, he was forced to sleep on the floor with only one sheet, he had to share his cell with a tuberculotic cellmate, and visitation was improperly conducted through the cell bars with no accommodation for privacy. The defendants denied all of Nelson's allegations. All parties submitted affidavits in support of their positions. In addition, a state investigator's report was submitted, which tended to support Nelson's allegations. Once again, the magistrate judge and district court erred by crediting defendants' evidence over Nelson's. Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986). The allegations stated cognizable claims, see Bolding, 575 F.2d at 464-65, and were sufficiently supported to survive summary judgment. That portion of the order granting summary judgment on these claims is vacated, and the claims are remanded.
 
 
 16
 Finally, Nelson alleged that he was denied access to pens, paper, envelopes, and stamps, and that he was denied access to law books and a law library. A prisoner is entitled to either law libraries or persons trained in law and to the materials necessary to prepare legal documents. Bounds v. Smith, 430 U.S. 817, 828 (1977). The magistrate recommended that summary judgment be granted to the defendants on this claim, to which Nelson made timely objections. Plaintiff's Response and Objection to the Magistrate's Report and Recommendation (September 30, 1992), at 6; Plaintiff's Third Supplemental Response and Objection to the Magistrate's Report and Recommendation (October 5, 1992), at 6-7. The district court's order makes no mention of Nelson's objection and does not discuss his access to courts claim at all. Nelson was therefore denied the de novo review of the district court. On remand, the district court must address Nelson's objections.
 
 V.
 
 17
 In summary, we vacate the district court's order granting summary judgment for both defendants with regard to Nelson's claims of (1) constitutionally inadequate food preparation and content, (2) overcrowded and inadequate living conditions, and (to the extent it could be so construed) (3) access to courts. We likewise vacate the order with respect to defendant Cannon with regard to Nelson's claims of (1) denial of medical treatment and (2) failure to protect from violence. We affirm the remainder of the order and remand for further proceedings not inconsistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 18
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 The district court also granted Nelson's motion for voluntary dismissal of Defendant Taylor. The propriety of this dismissal is of course not challenged on appeal