Milton Lee BUNN, Plaintiff,

v.

Patrolman J.W. OREM, Martinsburg Police Dept., Gene Darlington, Magistrate, Berkeley County Court, Defendants.

Civ. A. No. 2:94cv218.

United States District Court,
N.D. West Virginia,
at Elkins.

March 7, 1995.

Milton Lee Bunn, pro se.

## ORDER

MAXWELL, District Judge.

Plaintiff, a state prisoner proceeding in the above-styled civil rights action *pro se*, seeks to pursue his remedies in this Court pursuant to 42 U.S.C. § 1983. By Order entered December 19, 1994, the Court directed plaintiff to particularize his complaint and to identify the relief requested. On December 27, 1994, plaintiff submitted a two-page handwritten document, with appropriate copies,

which shall be liberally construed as an amended complaint. Accordingly, it is

**ORDERED** that the Clerk of Court shall FILE the above-described document as plaintiff's Amended Complaint but shall not issue process for the following reasons.

Construing the complaint and the amended complaint in a light most favorable to plaintiff, it would appear plaintiff alleges that defendant Orem arrested plaintiff on September 30, 1994, without providing plaintiff with his *Miranda* rights. Plaintiff further alleges that on October 6, 1994, during a preliminary hearing over which defendant Darlington presided, defendant Orem admitted that he failed to read plaintiff his *Miranda* rights, thereby, violating plaintiff's constitutional rights. Plaintiff alleges that defendant Darlington violated his constitutional rights by ordering that he be bound over to the grand jury despite defendant Orem's testimony that he had not read plaintiff his Miranda warnings. Plaintiff also alleges that both defendants were prejudiced against him because he is African–American. Plaintiff seeks monetary damages, declaratory relief (dismissal of state charges), and injunctive relief (release from custody).

Assessing these allegations with every possible inference in plaintiff's favor, it is indisputable that the claims against defendant Darlington are meritless and that plaintiff has not exhausted his state remedies with regard to the claims against defendant Orem. Therefore, these claims are frivolous within the meaning of 28 U.S.C. § 1915(d). Under any arguable construction, as a matter of law, plaintiff's claims do not presently entitle him to the relief he has requested.

■ To the extent that plaintiff seeks damages from defendant Darlington, it is clear from the record that defendant Darlington is a state magistrate. Magistrates enjoy absolute immunity for actions taken in their judicial capacity. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir.1987). It is clear that the conduct of which plaintiff complains occurred during defendant Darlington's judicial responsibilities; therefore, he is absolutely immune from liability.

■ To the extent that plaintiff seeks monetary damages from defendant Orem, a state prisoner may bring a § 1983 action for damages attacking the fact or duration of his confinement based on allegedly unconstitutional actions which occasioned his arrest and conviction. *Hamlin v. Warren*, 664 F.2d 29 (4th Cir.1981). However, a prisoner who brings such an action may not avoid the exhaustion requirement by seeking only monetary relief. *Todd v. Baskerville*, 712 F.2d 70, 72 (4th Cir.1983); *Hamlin*, 664 F.2d at 31–32. Although exhaustion of state remedies is not generally a prerequisite to an action under § 1983, *Patsy v. Board of Regents*, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982), exhaustion is required when the § 1983 claim attacks the fact or duration of confinement. *See, Alexander v. Johnson*, 742 F.2d 117, 126 (4th Cir.1984).

■ While the Court recognizes that, construing the facts in a light most favorable to plaintiff, a cognizable claim may eventually be raised against defendant Orem, such a claim is not mature for civil litigation at this time. Although dismissal for failure to exhaust a claim of this type is appropriate, the Court must protect, as far as is proper, plaintiff's cause of action at the federal level against any statute of limitations problems.

■ There is no federal statute of limitations for § 1983 actions; the analogous state statute governing personal injury actions applies. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In West Virginia, the statute of limitations governing personal injury actions is two years. *West Virginia Code* § 55–2–12(b). Plaintiff's cause of action arose on September 30, 1994. Following exhaustion of his state remedies, plaintiff may initiate a cause of action on or before September 30, 1996. Perceiving no statute of limitations threat at this time, the Court believes that dismissal without prejudice is appropriate.

■ To the extent plaintiff seeks release from confinement and to the extent he claims that he is being held in violation of his constitutional rights, his claim is one which directly calls into question the fact or duration of his confinement. The Court must construe this

claim as one for habeas relief under 28 U.S.C. § 2254. Plaintiff may not pursue such a claim in federal court until he has exhausted his state remedies. *See, Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Pressly v. Gregory*, 831 F.2d at 519. Accordingly, it is

**ORDERED** that the claims against defendant Darlington are **DISMISSED** with prejudice, and the Clerk of Court shall enter judgment for defendant Darlington. It is further

**ORDERED** that the claims against defendant Orem are DISMISSED without prejudice to re-filing following exhaustion of state remedies. It is further

**ORDERED** that plaintiff's habeas claims are DISMISSED without prejudice to re-filing following exhaustion of state remedies. It is further

**ORDERED** that the Clerk of Court shall remove this action from the active docket of the Court. The Clerk shall send a certified copy of this Order to the defendants. It is further

**ORDERED** that, if plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4, Federal Rules of Appellate Procedure.