David Ray PHILLIPS, Plaintiff,

v.

William Z. WOOD, Jr., Michael E. Helms, Michael C. Cain, Ken Graybeal, Richie Douglas Holbrook, Other Unknown Actors, Defendants.

No. 1:04 CV 00297.

United States District Court, M.D. North Carolina.

Oct. 27, 2004.

David Ray Phillips, East Bend, NC, pro se.

Stacey T. Carter, N.C. Department of Justice Crime Control Section, Raleigh, NC, for Defendant.

## MEMORANDUM OPINION

BEATY, District Judge.

Plaintiff David Ray Phillips brings this action for alleged violations of his rights under the First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution of the United States in connection with his July 26, 2000 arrest and subsequent judicial proceedings arising from that arrest. This case is currently before the Court on Defendants Wood and Helms' Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6), and Defendant Graybeal's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6). For the reasons set forth below these Defendants' motions will be GRANTED.

### I.

The facts, in the light most favorable to the Plaintiff, as to Defendants Wood, Helms and Graybeal are as follows: On July 26, 2000, Plaintiff David Ray Phillips was arrested by a North Carolina State Trooper and brought before a magistrate for Yadkin County, North Carolina. Mr. Phillips was charged with reckless driving, failing to produce a license and carrying a concealed weapon. Following his conviction in District Court for reckless driving and carrying a concealed weapon, Mr. Phillips appealed to the Superior Court. As presiding Superior Court Judge, Defendant Wood conducted the jury trial and sentenced Mr. Phillips following his conviction for failure to display a license. Mr. Phillips appeal bond was continued, but Defendant Wood found him in contempt for statements made following sentencing and had him incarcerated. When Mr. Phillips objected to the terms of his probation, Defendant Wood activated his sentence. Mr. Phillips was subsequently released pending the outcome of his appeal.

On November 25, 2002, Mr. Phillips filed a post-conviction Motion for Appropriate Relief with the Superior Court, "i.e. Defendant Wood and Defendant Helms," pursuant to N.C. Gen.Stat. § 15A–1415(b)(8). (Comp.¶ 56) Following the affirmation of his sentence by the North Carolina Appellate Courts, Mr. Phillips was brought before Magistrate Graybeal who activated his sentence. Mr. Phillips attempted to raise his Motion for Appropriate Relief with Defendant Graybeal, but the Magistrate rejected his offer of proof. Mr. Phillips Motion was subsequently denied by the Superior Court.

Judge Wood and Judge Helms moved for dismissal on July 26, 2004, and Magistrate Graybeal moved for dismissal on August 13, 2004. Although Mr. Phillips was informed in writing of his right to respond to each of these motions within thirty days, he did not do so. In fact, to date Mr. Phillips has not responded to either Motion to Dismiss.

### II.

Local Rule 7.3(k) provides that a party's failure to file a response within the time specified ordinarily constitutes a waiver of the right to file that response, and may

result in the motion being considered uncontested. An uncontested motion may be granted without further notice to the party who failed to file a timely response. Nonetheless, given the Court's heightened duty to *pro se* plaintiffs, the merits of Defendants' Motions to Dismiss will be addressed in turn.

### III.

Defendants Wood, Helms and Graybeal have moved to dismiss Mr. Phillips's case on the basis of Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). They first claim that Mr. Phillips' case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because of improper service.[1] However, each Motion to Dismiss also states that these Defendants recognize "that the interests of justice may best be served by addressing dispositive motions on the merits" and "urge dismissal of this plaintiff's claims on substantive immunity grounds," not on the basis of improper service. Therefore, any defense on the basis of improper service is deemed waived and the merits of the case will be considered.

Defendants Wood, Helms and Graybeal have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that Mr. Phillips cannot prove any set of facts in support of his claims that entitle him to relief. *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999). In general, a complaint should not be dismissed under Rule 12(b)(6) as long as "it sets out facts sufficient for the court to infer that all the required elements of the

cause of action are present." *Wolman v. Tose,* 467 F.2d 29, 33 n. 5 (4th Cir.1972).

Defendants Wood, Helms and Graybeal argue in their 12(b)(6) motions that judicial immunity provides them with absolute immunity from a suit for money damages. Judges have long held absolute immunity for acts committed within their judicial discretion, even where those acts were allegedly done maliciously or corruptly. *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (citations omitted); *King v. Myers,* 973 F.2d 354, 356 (4th Cir.1992). This immunity is present even in suits brought under 42 U.S.C. § 1983, despite the fact that the statute make liable "[e]very person" who deprives another of his civil rights. *King,* 973 F.2d at 356.

Judicial immunity has been extended to the actions of state court magistrates whose authority was well established in state statute. *Pressly v. Gregory,* 831 F.2d 514 (4th Cir.1987). When an individual is arrested in North Carolina they must be taken before a magistrate without unnecessary delay, and if the arrest is accomplished without a warrant the magistrate must make a determination as to probable cause. N.C. Gen.Stat. § 15A–511 (2003). The magistrate has the power to conduct an initial appearance and set bail. N.C. Gen.Stat. § 7A–273 (2003).

■ Two requirements must be met before judicial immunity will apply. First, the act complained of must have been a "judicial act," meaning both that the judge performed a function normally performed by a judge and that the other party dealt with the judge in his official capacity. *Id.* at 357. Second, the judge must have had subject matter jurisdiction at the time the challenged act occurred. This second fac-

---

[1] These Defendants contend that Mr. Phillips improperly attempted personal service instead of serving their agent or the Attorney General.

tor is construed broadly—the relevant question is whether the judge "acted in the clear absence of all jurisdiction." *Id.* at 356–57.

 To determine whether Defendants Wood, Helms and Graybeal met the first requirement of performing a judicial act, it is necessary to determine both whether they performed a function normally performed by a judge, and whether Mr. Phillips dealt with them in their official capacity. Here, Mr. Phillips only complains of dealings with Defendants Wood, Helms and Graybeal in their official capacities. The Complaint only references acts taken and statements made by these Defendants in connection with Mr. Phillips' criminal trial, his post-conviction Motion for Appropriate Relief, and his appearance before the magistrate after surrendering to the sheriff at the conclusion of his appeal. Accordingly, both prongs of the first factor are met and this Court finds that Defendants Wood, Helms and Graybeal were performing judicial acts.

The second factor in analyzing judicial immunity is whether Defendants Wood, Helms and Graybeal acted in the clear absence of jurisdiction. Judge Wood presided over the jury trial after Mr. Phillips appealed his conviction in District Court to the Superior Court. Judge Helms considered the Motion for Appropriate Relief that Mr. Phillips filed with the Superior Court pursuant to N.C. Gen.Stat. § 15A–1415(b)(8). Defendant Graybeal was the presiding magistrate when Mr. Phillips surrendered to the sheriff following the affirmation of conviction on appeal. Accordingly, Defendants Wood, Helms and Graybeal were not acting in the clear absence of jurisdiction by sentencing Mr. Phillips following a jury trial, by considering his Motion for Appropriate Relief, and by activating his sentence when he surrendered to the sheriff following his appeal. Whether or not any comments allegedly make in connection with these acts were appropriate, they were made in connection with judicial acts within these Defendants jurisdiction and they are thus entitled to immunity for them.

Because the facts of the Complaint indicate that Defendants Wood, Helms and Graybeal were performing judicial acts and addressing matters within their jurisdiction, the are entitled to judicial immunity for their acts in this case. As such, Mr. Phillips has not stated a claim for relief against them, and these Defendants' motions to dismiss will be GRANTED.

### IV.

For the reasons set forth above, Defendants Wood, Helms and Graybeal's motions to dismiss will be GRANTED for failure to state a claim on which relief can be granted. The Plaintiff's claims against these Defendants will be dismissed in their entirety.