**Ronald DEL RAINE, Plaintiff,**

v.

**BUREAU OF PRISONS, et al., Defendants.**

**No. 97–3218–JWL.**

United States District Court, D. Kansas.

Dec. 10, 1997.

Ronald Del Raine, Atlanta, GA, pro se.

Mary K. Ramirez, Office of U.S. Atty., Topeka, KS, Rodney T. Gould, Darrell C. Valdez, Sherri Lanette Evans, Office of U.S. Atty., Washington, DC, for Defendants.

### *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

This matter, brought by a federal prisoner *pro se* alleging a violation of rights arising out of the Due Process Clause of the Fifth Amendment of the Constitution of the United States, was filed in the District Court for the District of Columbia on June 1, 1995 (Doc. 1). The plaintiff filed his first amended complaint on September 11, 1995 (Doc. 18). On November 29, 1995, the district court granted defendants' motion to transfer the case to the District of Kansas (Doc. 27). For whatever reason, the file was not received by the District of Kansas until May 16, 1997. On June 30, 1997, the court ordered any dispositive motions to be filed within 45 days (Doc. 29).

This matter is now before the court on the defendants' motion for summary judgment filed on August 13, 1997 (Doc. 30). In considering a motion for summary judgment, the court will grant the motion when the documentary evidence presented "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed.R.Civ.P. 56(c). The court will determine "whether there is the need for a trial—whether ... there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden to show there is no genuine issue of material fact as to the claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party must then set forth specific facts showing a genuine issue for trial. *See id.* at 322–23; Fed. R.Civ.P. 56(e).

For the purposes of summary judgment the court assumes the following facts to be true, viewed in the light most favorable to the plaintiff. Plaintiff Ronald Del Raine was an inmate at the U.S. Penitentiary in Leavenworth, Kansas and was employed in the print factory of the Federal Prison Industries, Inc. (UNICOR or FPI) during all periods relevant to this case. For each of the months of November and December of 1994, and January, February and June of 1995, the UNICOR Superintendent of Industries (SOI) withheld all benefits from Mr. Del Raine, including longevity pay, because of unsatisfactory work performance[1]. The benefits were withheld under the authority of 28 C.F.R. § 345.12(c) (1994). Plaintiff pursued all available administrative remedies on each occasion, but he was not given a hearing either before or after the benefits were withheld.

■ In order to succeed on a claim alleging violation of due process rights under the Fifth Amendment, Mr. Del Raine must show that the withholding of longevity pay by the Bureau of Prisons (BOP) violated a property right to the longevity pay protected by the Amendment's Due Process Clause. As the plaintiff admits, the Constitution does not provide a property interest in prison employment. *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir.1986). But plaintiff would have had a property interest in longevity pay if he had a "legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ As the plaintiff perceives, the question is whether he had a legitimate entitlement to longevity pay before it was credited to his account at the end of each month. If he had such a property interest it must have been created by explicit, mandatory language in a prison statute or regulation. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).[2] Inmates do not have a statutorily-created property interest in any pay while incarcerated, but "inmates employed in any industry" of the FPI *may* be paid "under rules and regulations promulgated by the Attorney General." 18 U.S.C. § 4126 (emphasis added). The Attorney General has promulgated rules and regulations establishing inmate pay by the FPI as codified in 28 C.F.R. § 345.10–.23 (1994).[3]

Section 345.14 established grade structure and rates of pay in the FPI. The regulations also established various benefits for inmates employed by the FPI, including longevity pay. See 28 C.F.R. § 345.20. The longevity pay established by section 345.20 provides an "additional hourly pay allowance for longevity [which] shall be added after the wages for each actual hour in pay status have been properly computed." 28 C.F.R. § 345.20(b) (emphasis added). Section 345.12(c) allows the SOI to "declare an inmate ineligible for any or all benefits [from his] UNICOR work assignment because of the inmate's unsatisfactory work performance for the month in which such actions

---

**1.** Plaintiff alleges "he was performing satisfactorily during the five months in question." That allegation is denied by the defendants, but the factual issue of satisfactory performance is irrelevant to whether or not the plaintiff had a property interest in longevity pay before its payment, and whether he therefore had a due process right to notice and a hearing.

**2.** The law of Kansas does not provide a property interest in prison employment. *Turner v. Maschner*, 11 Kan.App.2d 134, 136, 715 P.2d 425 (1986) (interpreting K.S.A. § 75–5211).

**3.** All references in this opinion to part 345 are to the 1994 Code of Federal Regulations, which was effective at all times relevant to this case.

occur." Reading these regulations as a whole, the BOP has interpreted them to include all benefits other than base inmate pay as benefits for which the inmate may be declared ineligible because of unsatisfactory work performance.

■ The BOP is given broad deference in interpretation of its regulations and in implementing practices "that in [the BOP's] judgment are needed to preserve internal order and discipline." *Hewitt v. Helms*, 459 U.S. 460, 472, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). Absent evidence of abuse of that discretion, judicial review of prison management is not warranted. *Ramos v. Lamm*, 713 F.2d 546, 563 (10th Cir.1983).

The BOP interpretation of longevity pay as a benefit is a reasonable interpretation of the regulation read as a whole. Longevity pay and other benefits are added after pay is computed each month only if the worker has not been declared ineligible for benefits because of unsatisfactory work performance that month. Therefore, the plaintiff had no legitimate entitlement to longevity pay until it was credited to his account. The withholding of benefits is designed to preserve internal order and discipline by providing a means to secure inmate cooperation with the necessary rules and procedures at the FPI work site. The regulations in this case have not been applied in an abuse of the discretion given to correctional officials to accomplish their mission. Based upon this regulation, as a matter of law, Mr. Del Raine had no legitimate entitlement to and, therefore, no property interest in longevity pay until after it was credited to his account at the end of the month.

The plaintiff seems to accept this reading of part 345, but asserts that section 345.12(c) is unconstitutional as applied because a property interest in longevity pay vests under 28 C.F.R. Part 545 (1997). His claim appears to rest upon the following logic: longevity pay is authorized by section 345.20; section 545.26(h) vests performance pay, once earned; and sections 545.26(d) and (e) require performance pay to be credited hourly as earned for each hour of satisfactory performance. What Mr. Del Raine has missed is that section 545.26 does not apply to longevity pay in any manner. FPI Inmate Work Programs are regulated under 28 C.F.R. Part 345. 28 C.F.R. Part 545 deals with performance pay for performance other than in the FPI. Section 545.21(c) defines "[a] Federal Prison Industries (FPI) work assignment" as an "industry assignment." Section 545.25 identifies eligibility for performance pay and, notably, does not include "industry assignment" in any category of eligibility for performance pay. By its terms, part 545 excludes "industry assignment" from performance pay and therefore has no relevance to any pay from FPI. Mr. Del Raine has shown no entitlement to, or property interest in longevity pay based upon part 545.

Lacking a property interest in longevity pay before it was credited to his account, Mr. Del Raine has shown no violation of Due Process under the Fifth Amendment to the U.S. Constitution and, therefore, no valid claim for deprivation under color of federal law of any rights, privileges or immunities secured by the Constitution.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendants' motion for summary judgment (Doc. 30) is granted.

**IT IS SO ORDERED.**